Clara **BRAXTON** et al.,
Plaintiffs,

v.

**POUGHKEEPSIE HOUSING AUTHORITY**, etc., et al., Defendants.

No. 73 Civ. 4077.

United States District Court,
S. D. New York.

March 22, 1974.

Monroe County Legal Assistance Corp., Mid-Hudson Valley Legal Services Project, Poughkeepsie, N. Y., for plaintiffs; John D. Gorman, Poughkeepsie, N. Y., of counsel.

Joseph Worona, Poughkeepsie, N. Y., for defendants Bold, Greene, Brady, Mendez and Hunt, members of the Poughkeepsie Housing Authority.

Paul J. Curran, U. S. Atty., S. D. N. Y., New York City, for defendants Lynn, Crawford, Green, Monticcilo, White, all members of the Department of Housing and Urban Development; Naomi Reice Buchwald, Asst. U. S. Atty., of counsel.

Louis J. Lefkowitz, Atty. Gen., New York City, for defendant Lee Goodwin; A. Seth Greenwald, Asst. Atty. Gen., of counsel.

METZNER, District Judge.

Plaintiffs have moved for a preliminary injunction and an order pursuant to Rule 23, Fed.R.Civ.P. declaring that this suit may be maintained as a class action. Defendants have cross-moved to dismiss the complaint pursuant to Rule 12 for failure to state a claim and lack of subject matter jurisdiction.

This is another in a recent series of sprawling, multi-party suits challenging the administration of public housing programs. It is being brought on behalf of all tenants who reside in low rent public housing projects controlled and operated by the Poughkeepsie Housing Authority (PHA). Defendants are the PHA and various officers of that body, the Acting Commissioner of the New York State Division of Housing and Community Renewal, and the Secretary and Assistant Secretary of the United States Department of Housing and Urban Development (HUD) and three local HUD officials.

Jurisdiction is predicated under the Civil Rights Act, 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), as well as 28 U.S.C.

§§ 1331, 1343(4) and 1361, and the principles of pendent jurisdiction. Plaintiffs seek declaratory and injunctive relief plus money damages.

The gravamen of the complaint is that the PHA has assessed additional rent charges, imposed fines and taken other actions adverse to tenants residing in its projects without complying with the procedural safeguards of the due process clause of the Fourteenth Amendment and the rules and regulations promulgated by HUD pursuant to the United States Housing Act of 1937 (Housing Act).

Plaintiffs purportedly represent two sub-classes of PHA tenants in this suit. The first class, represented by plaintiffs Clara and Gloria Braxton and Pauline Duncan, consists of all past and present tenants living in state financed housing operated by PHA (hereinafter referred to as "state-assisted plaintiffs"). The second sub-class, represented by plaintiffs Curry, Cummings, Harris (now deceased), Vinberg, Brophy and Dewhirst, consists of all past and present tenants residing in federal financed or leased housing operated by the PHA (hereinafter referred to as "federally-assisted plaintiffs"). The complaint alleges four distinct causes of action.

Without going into the details of the four asserted causes of action and the interesting and intricate legal issues raised by the motions, it is fair to state that plaintiffs seek to have PHA observe procedures granting tenants fundamental fairness when rents are sought to be raised, when fines and service charges are imposed, and when tenancies are terminated.

■ The rights claimed in the first cause of action have been spelled out in Escalera v. New York City Housing Authority, 425 F.2d 853 (2d Cir. 1970), cert. denied, 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970), and Burr v. New Rochelle Housing Authority, 479 F.2d 1165 (2d Cir. 1973). The PHA has failed to comply with these standards.

The only thing left to do is to direct PHA to follow those decisions and such directive is hereby issued.

We come now to the claims of the federally assisted plaintiffs.

In Housing Authority of the City of Omaha v. United States Housing Authority, 468 F.2d 1 (8th Cir. 1972), cert. denied, 410 U.S. 927, 93 S.Ct. 1360, 35 L. Ed.2d 588 (1973), the Court of Appeals held that circulars R.H.M. 7465.8 and R.H.M. 7465.9 (circulars 8 and 9) were validly issued and binding under the general rule making authority granted by Section 1401 et seq., of the Housing Act of 1937. On remand, the District Court in Nebraska entered an order on March 12, 1973 which stated:

"Pursuant to the decision of the Eighth Circuit, this Court vacates its order of February 10, 1972, and enters summary judgment on behalf of defendant and intervening parties; declares HUD Circulars RHM 7465.8 and 7465.9 valid and lawful; directs plaintiffs and the class they represent to implement as soon as possible Circulars 7465.8 and 7465.9 by the promulgation of rules and regulations consistent therewith, and to give written notice to all public housing tenants, describing their rights as set forth in Circulars 7465.8 and 7465.9; enjoins plaintiffs from evicting tenants under their jurisdiction, unless they afford tenants the grievance procedure required by Circular RHM 7465.9."

PHA was a member of the class embraced by the *City of Omaha* decision. Circulars 8 and 9 have been distributed and received by PHA. It has failed to comply with their provisions. Clearly, there is no excuse for its failure to implement those directives.

■ PHA claims that it will be in an administrative morass if it is compelled to do what this court has indicated must be done. Such an argument is unpersuasive. PHA's very existence is for the purpose of administering two different types of publicly assisted hous-

ing. Until the state decides to conform to the federal rules, there must be this dichotomy in the grievance procedures. This lack of uniformity is not burdensome or unwarranted. Compliance with the federal rules is the quid pro quo for receiving federal funds. It is a reality of "cooperative federalism" which highlights low cost housing in this country. *See,* Fletcher v. Housing Authority of Louisville, 491 F.2d 793 (6th Cir. 1974).

The third cause of action against the federal defendants is dismissed as unnecessary to the relief requested by the plaintiffs in view of the above disposition. The fourth cause of action is also dismissed as superfluous in view of the above disposition.

Insofar as the Acting Commissioner is concerned, the pertinent portion of the complaint alleges that she "has failed to formulate regulations which implement grievance procedures which comply with the Fourteenth Amendment." Reading the above allegation as liberally as possible, it appears that the plaintiffs are really asking that the Commissioner be directed to adopt state-wide regulations, presumably binding on the PHA, which would be in conformance with Circulars 8 and 9. The only factual allegation contained in the complaint to support this claim is that this defendant has the power under New York state law to "formulate regulations in relation to authorities . . . and their functions." New York Public Housing Law, § 14 (McKinney's Consol.Laws, c. 44–A, 1955).

Plaintiffs have alleged no action on the part of the state defendant which was taken against them; nor is it alleged that the Commissioner in any way has acted to prevent the PHA from adopting Circulars 8 and 9 or complying with due process requirements announced in Escalera v. New York City Housing Authority, *supra.*

■ Finally, there is no duty on this defendant to take any affirmative steps, especially to conform state practices to federal practices.

The complaint is therefore dismissed as to this defendant.

■ Lastly, we turn to plaintiffs' motion for an order maintaining this suit as a class action. As of late, this court has followed the view that in civil rights actions such as this, a class action is largely a formality. The court could properly assume that a department of the government would not persist in taking action adverse to other purported class members if the practice in question was deemed unconstitutional. *See,* McDonald v. McLucas, 371 F.Supp. 831 (S. D.N.Y., 1974) (three-judge court); affirmed, 43 U.S.L.W. 3279 (Sup.Ct., Nov. 12, 1974); Tyson v. New York City Housing Authority, 369 F.Supp. 513 (S. D.N.Y., 1974). However, in each of those cases monetary relief was not sought. Here, plaintiffs are seeking damages for fines and additional rent which were collected in violation of the tenants' constitutional rights. A class action is appropriate in view of the relief sought, the small recovery available to individual plaintiffs and the limited means of prospective plaintiffs.

There is no question that the prerequisites of Rule 23 have been met in this suit (Escalera v. New York City Housing Authority, *supra,* 425 F.2d at 867), since the PHA has taken a stand applicable to the class as a whole rather than to individual members thereof. As far as the definition of the class is concerned, it would appear that the sub-classes proposed by the plaintiffs are appropriate.

Settle order.