Charles B. Swartwood, J.
This is an action commenced by the plaintiffs who are tenants and associations of tenants of the defendant Elmira Housing Authority (EHA) which operates public housing developments in the City of Elmira. They sue on behalf of themselves and other tenants similarly situated. EHA operates public housing which is both Federally funded and State funded.
The action was originally commenced in the form of an action for an injunction against EHA and its manager to require EHA to adopt hearing procedures on assessments of late rental payment charges and maintenance charges and to enjoin EHA from commencing summary eviction proceedings of tenants for nonpayment of those assessments until the tenants had been given notice, and adequate opportunity to test the validity of those charges.
On the hearing on the motion for a temporary restraining order, the EHA argued that the State Commissioner of Housing and Community Renewal was a necessary party because any rules or regulations of the EHA cannot become effective under section 54 of the Public Housing Law unless the commissioner approves them or allows 90 days to pass after the proposed rule or regulation ds filed with him without approving or disapprov *887 ing it. The court directed that the commissioner be brought in as an additional party. A supplemental summons and complaint was thereupon served including the commissioner as a party.
On the argument of a second motion for a temporary restraining order it was agreed that the action should be considered as a proceeding under article 78 of the CPLR.
The Acting Commissioner of Housing and Community Renewal and the Division of Housing and Community Renewal appeared and sought a dismissal of the supplemental complaint on the basis that there was no allegation in the supplemental complaint that the commissioner had taken or threatened any action that affected the plaintiffs or the class they represented. Though the supplemental summons includes the commissioner, there is no allegation concerning him in the entire • complaint. Though we would consider permitting an amendment to correct this oversight, such an amendment would appear premature in that no facts have been argued indicating that the commissioner has as yet played any part in this matter. (Compare Braxton v. Poughkeepsie Housing Auth., 382 F. Supp. 992.) The complaint as to the commissioner should be dismissed.
After the argument of the motions in this proceeding the matter has been held in abeyance awaiting an expected change in the regulations of the United States Department of Housing and Urban Development (HUD) Circular RHM No. 7465.9. Since we have not been notified of any change in the circular, the matter should be determined without further delay.
The defendants argue that this matter is not a proper subject of a class action. We disagree. The questions involve the common and general interests of the tenants of EHA, who are numerous. The question is whether the EHA has failed to perform a duty enjoined upon it by law as that duty affects its tenants as a class. No individual relief is sought. (Compare Young v. Shuart, 67 Misc 2d 689, affd. 39 A D 2d 724; Richards v. Kaskel, 32 N Y 2d 524.)
The defendants also argue that the tenants can be afforded due process in a summary proceeding to evict them. This argument was effectively answered and found wanting in Escalera, v. New York City Housing Auth. (425 F. 2d 853, 864, cert. den. 400 U. S. 853), though there is authority to the contrary (Matter of Sherman v. Kopach, 75 Misc 2d 18, see cases collated thereat). We agree with the reasoning in the Escalera case that risking the possibility of eviction and undergoing the expense of a summary proceeding in order to argue the merits of additional rent charges places too great a burden on tenants of public housing.
*888 The gravamen of the complaint is that the threat of eviction by summary judgment is used by the EHA to force payment of additional rent charges for late payment of rent and maintenance charges; that the tenants are given no hearing or opportunity to dispute or explain the claimed charges and that, though the EHA agrees to set up grievance procedures to afford a hearing before summary proceedings are commenced, it has failed to establish any grievance procedures. Ho procedure for challenging the rent charges presently exists.
As to the Federally funded public housing projects operated and controlled by EHA, it is clear that the HUD Circular RHM No. 7465.9 applies under the ruling of Housing Auth. of City of Omaha v. United States Housing Auth. (468 F. 2d 1, cert. den. 410 U. S. 927); Braxton v. Poughkeepsie Housing Auth. (supra). Since the EHA coneededly has failed to follow HUD Circular RHM No. 7465.9, it is directed to do so with respect to its Federally assisted public housing.
We must consider what rules should apply as to State financed public housing projects. We are concerned only with the issues raised in the complaint, being those regarding charges for late payment of rent and for maintenance charges. Before summary proceedings can be commenced to evict tenants for nonpayment of these charges a fair opportunity must be afforded to the tenants to challenge these charges. There is no need for a hearing in the nature of a judicial or quasi-judicial one. (Escalera v. New York City Housing Auth., supra, p. 863; Matter of Fuller v. Urstadt, 28 N Y 2d 315, 318.) However, there should he, at a minimum, adequate and timely notice of the charge and the reason for the charge together with a notice that the tenant will be afforded, on request, an opportunity to present evidence in opposition to the imposition of the charge with the aid of counsel at tenant’s expense, if the tenant so desires, and to confront adverse witnesses, if any. The reasons for any determination shall be set forth in writing. The hearing should be before an impartial person or persons other than the official who levied the charge. (Escalera v. New York City Housing Auth., supra; Matter of Williams v. White Plains Housing Auth., 62 Misc 2d 613, affd. 35 A D 2d 965.)
EHA is directed to adopt rules and regulations in accordance herewith.
The proceeding or action is dismissed as against the State Acting Commissioner of Housing and Community Bemewal without prejudice and without costs.