Carl A. BEAZER et al., Plaintiffs,

v.

NEW YORK CITY TRANSIT AUTHORI-
TY et al., Defendants.

No. 72 Civ. 5307.

United States District Court,
S. D. New York.

May 5, 1976.

Legal Action Center of the City of New
York, Inc., New York City, Elizabeth B.
DuBois, Eric D. Balber, Mark C. Morril,
Michael Meltsner, New York City, for plain-
tiffs.

Stuart Riedel, Gen. Counsel, New York City Transit Authority, by E. W. Summers, G. T. Dunn, L. Smejda, Brooklyn, N. Y., for defendants.

## SUPPLEMENTAL OPINION

GRIESA, District Judge.

On August 6, 1975 I filed a decision holding that the New York City Transit Authority and the Manhattan and Bronx Surface Transit Operating Authority (hereafter collectively referred to as "the TA") are committing violations of the due process and equal protection clauses of the Fourteenth Amendment, and also violations of 42 U.S.C. § 1983, in their blanket refusal to employ any former heroin addicts participating in, or having completed, methadone maintenance programs, regardless of individual merits.

In that decision, I noted the allegation of plaintiffs that the exclusionary policy has a disparate impact on blacks and Hispanics, resulting in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. However, I deemed it unnecessary to reach this racial discrimination claim.

Plaintiffs have renewed their application for relief under Title VII. Admittedly, the sole purpose of this application is to obtain the benefit of the provision in Title VII authorizing the award of a reasonable attorney's fee to the prevailing party. 42 U.S.C. § 2000e–5(k). In the absence of such express statutory authority the award of fees in the present case could not be made. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

It is clear that the question of the attorney's fee deals with a substantial right, and plaintiffs are entitled to an adjudication of their Title VII claim. I hold that the proof establishes a valid cause of action under Title VII, and that plaintiffs' attorneys are entitled to the award of a reasonable fee, to be assessed.

■ The relevant provisions in Title VII prohibiting racial discrimination in employment are contained in 42 U.S.C. 2000e–2(a), which provides:

"(a) It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

The cases hold that Title VII does not require proof of a purpose or intent to carry out racial discrimination. *Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). It is sufficient to prove that an employer has adopted a test or criterion for employment which in fact operates in a racially discriminatory manner against minority races, where that criterion is not shown to be related to job performance. *Id.* at 431. *See United States v. Bethlehem Steel Corp.*, 446 F.2d 652, 662 (2d Cir. 1971).

I have already held in my earlier opinion that the blanket exclusionary policy of the TA against present and former methadone maintenance patients is not rationally related to any employment or business needs of the TA. This leaves for determination, under the Title VII claim, the question of whether the policy of the TA has a racially discriminatory effect against blacks and Hispanics.

The four named plaintiffs are members of minority races or national groups. Two are blacks and two are Hispanics. Of the TA employees referred to the TA's medical consultant for suspected violation of its drug policy since July 1972, 81% were black and Hispanics and only 19% were white.

Plaintiffs place their greatest reliance on the argument that, although the policy of the TA is racially neutral on its face (dealing solely with problems of drug addiction and treatment), the impact of the policy will tend inevitably to exclude more blacks and Hispanics from TA employment, because of the admitted fact that the class of present and former methadone maintained persons includes substantially more blacks and Hispanics than whites.

 Between 62% and 65% of methadone maintained persons in New York City are black and Hispanic, meaning that there are almost twice as many blacks and Hispanics as there are whites in this category. Thus the policy of the TA, while not adopted with a purpose of racial discrimination, has been shown to have a substantially greater impact on minority groups than on whites. Since the policy is not grounded in any business necessity, it violates Title VII. *Griggs v. Duke Power Co.*, 401 U.S. at 430 n.6, 91 S.Ct. 849; *Green v. Missouri Pacific R.R.*, 523 F.2d 1290, 1293–95 (8th Cir. 1975); *United States v. Georgia Power Co.*, 474 F.2d 906, 918 (5th Cir. 1973); *Gregory v. Litton Sys.*, 316 F.Supp. 401, 403 (C.D.Cal. 1970), *aff'd*, 472 F.2d 631 (9th Cir. 1972). The fact that *other* policies of the TA apparently have resulted in a liberal amount of employment for minorities by the TA is not a defense with respect to the exclusionary policy under scrutiny in this case. *Davis v. Washington*, 168 U.S.App.D.C. 42, 512 F.2d 956, 960–61 and n.31 (1975), *cert. granted*, 423 U.S. 820, 96 S.Ct. 33, 46 L.Ed.2d 37 (1975), *United States v. Jacksonville Terminal Co.*, 451 F.2d 418, 443 (5th Cir. 1971) *cert. denied*, 406 U.S. 906, 92 S.Ct. 1607, 31 L.Ed.2d 815 (1972).

In a Title VII case, attorney's fees are normally awarded to the prevailing party, unless there are exceptional circumstances indicating that such an award should not be made. No such circumstances exist in the present case. Plaintiffs are clearly entitled to a fee award. *Lea v. Cone Mills Corp.*, 438 F.2d 86, 88 (4th Cir. 1971); *Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421 (8th Cir. 1970). *See*

*Alyeska Pipeline Service Co. v. Wilderness Soc'y*, 421 U.S. 240, 261–62, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Alexander v. Gardner Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Northcross v. Board of Educ.*, 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973); *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); *Fort v. White*, 530 F.2d 1113 (2d Cir. 1976).

A hearing will be held on the amount of the award.

So ordered.