558 F.2d 97
 17 Fair Empl.Prac.Cas. 226, 14 Empl. Prac.
Dec. P 7667
Carl A. BEAZER et al., Plaintiffs-Appellees-Cross-Appellants,
v.
NEW YORK CITY TRANSIT AUTHORITY et al.,
Defendants-Appellants-Cross-Appellees.
 Nos. 1043, 1309, Dockets 76-7295, 77-7092.
 United States Court of Appeals,
Second Circuit.
 Argued May 5, 1977.
Decided June 22, 1977.
 
 Alphonse E. D'Ambrose, Brooklyn, N. Y. (E. W. Summers, G. T. Dunn, Brooklyn, N. Y., of counsel), for defendants-appellants-cross-appellees.
 Elizabeth B. DuBois, Eric D. Balber, Mark C. Morril, New York City (Michael Meltsner, New York City, of counsel), for plaintiffs-appellees-cross-appellants.
 Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, Barbara Allen Babcock, Asst. Atty. Gen., Ronald R. Glancz, Robert S. Greenspan, Walter W. Barnett, Attys., Dept. of Justice, Washington, D. C., Sidney Edelman, Asst. Gen. Counsel, Rockville, Md., Robert B. Lanman, Senior Atty., Dept. of Health, Education and Welfare, Washington, D. C., on brief for United States as amicus curiae urging affirmance of the appeal.
 Before MANSFIELD and OAKES, Circuit Judges, and BRIEANT, District Judge.*
 OAKES, Circuit Judge.
 
 I.
 
 1
 In a comprehensive and carefully limited opinion, the United States District Court for the Southern District of New York, Thomas P. Griesa, Judge, held that the New York City Transit Authority's blanket exclusion from employment of all persons participating in or having successfully concluded methadone maintenance programs the plaintiff class in this action brought under 42 U.S.C. § 1983 violated the equal protection and due process clauses of the Fourteenth Amendment. The court enjoined the Transit Authority (TA) from further enforcing its policy. 399 F.Supp. 1032 (S.D.N.Y.1975). On appeal the TA does not challenge any of Judge Griesa's findings as factually erroneous, nor could it in view of the one-sided record before us. This record, developed over fifteen days of trial, overwhelmingly supports the trial court's findings that, after a brief initial period of adjustment, many former heroin addicts on methadone maintenance are employable and that identification of those who are employable is readily accomplished through regular personnel procedures.
 
 
 2
 The district court's conclusion of law was that the TA's methadone rule has "no rational relation to the demands of the jobs to be performed." 399 F.Supp. at 1057. This conclusion rests on the solid foundation of Sugarman v. Dougall, 413 U.S. 634, 93 S.Ct. 2842, 37 L.Ed.2d 853 (1973) (policy against employment of aliens unconstitutionally overinclusive), and our own Crawford v. Cushman, 531 F.2d 1114, 1123 (2d Cir. 1976) (policy requiring discharge of pregnant Marine unconstitutionally under- and overinclusive), as the United States as amicus curiae points out. Accord, Cook v. Arentzen No. 76-1359 (4th Cir. May 6, 1977). The decree is drawn strictly on the basis of the evidence and does not prevent the TA from making regulations to ensure that past or present methadone users are proven to be employable and to prevent their employment in safety-sensitive jobs. Accordingly, we affirm the district court's holding of a constitutional violation and its consequent injunction against further enforcement of the TA policy.
 
 II.
 
 3
 In a supplemental opinion Judge Griesa also held that appellees were entitled to relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., because the TA methadone policy had a racially discriminatory effect. 414 F.Supp. 277 (S.D.N.Y.1976). Appellees concededly pressed their Title VII claim for the sole purpose of obtaining attorneys' fees under 42 U.S.C. § 2000e-5(k), see 414 F.Supp. at 278, and the court did award such fees. We need not reach the Title VII issues in this case, however, because before the decree became final Congress enacted the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, which permits the court in its discretion to allow a prevailing party in a § 1983 action, as here, "a reasonable attorney's fee as part of the costs." After passage of this statute appellees moved for a declaration that it provided an alternative basis for the award of attorneys' fees in this case, and the district court so ruled. The court awarded to appellees a total fee of $375,000, of which $310,000 was compensation for hours worked, $14,290 was for costs incurred, and the balance was a "premium."
 
 
 4
 Judge Griesa was correct in holding that the 1976 Act authorized a fee award here, even though it was enacted after most of the services below were rendered. A change in the law is to be given effect in a pending case unless there is some indication to the contrary in the statute or its legislative history or unless manifest injustice would result. Bradley v. School Board, 416 U.S. 696, 711, 714-16, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); Brown v. General Services Administration, 507 F.2d 1300, 1305-06 (2d Cir. 1974), aff'd on other grounds, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Here the only reference in the legislative history explicitly supports the Act's application to pending cases, H.R.Rep. No. 94-1558, 94th Cong., 2d Sess. 4 n. 6 (1976), and no manifest injustice from applying the statute to this pending case is alleged. Nor is any injustice alleged from the award of fees itself. Since a party who succeeds in enforcing his civil rights should ordinarily recover his attorneys' fees, unless special circumstances not alleged here render such recovery unjust, see S.Rep. No. 94-1011, 94th Cong., 2d Sess. 4 (1976) reprinted in (1976) U.S.Code Cong. & Admin.News, pp. 5908, 5912, quoting Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); see also Northcross v. Board of Education, 412 U.S. 427, 428, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973) (per curiam), the awarding of a fee under the 1976 Act was proper.
 
 
 5
 In addition to arguing against the awarding of any fee, however, appellants contend that the amount awarded was excessive. With regard to the sums awarded for hours worked and costs incurred, we uphold the district court. The requirements of documentation and an evidentiary hearing as to time charges, set forth in City of Detroit v. Grinnell Corp., 495 F.2d 448, 464-74 (2d Cir. 1974), have been fully met here, and our decision in Torres v. Sachs, 538 F.2d 10 (2d Cir. 1976), permitted the district court to use "the same (fee award) standards as in other complex federal litigation," id. at 12, without regard to the nonprofit or "public interest" nature of the legal work done for appellees, see id. at 13. As to costs, they are frequently awarded by courts to successful parties, and no challenge is made to appellees' itemization here.
 
 
 6
 We must modify the district court's award, however, to the extent of eliminating the $50,710 awarded as a "premium." We take the view that this extra award amounted to an abuse of discretion in the particular circumstances of this case. Though complex factual issues were involved, the proof of which required diligent and rather prodigious effort, the legal issues were relatively simple and few. There was no dispute over the governing constitutional doctrines, although their applicability to the facts was a matter requiring considerable persuasive skill. Moreover, the benefits that the suit will bring to the plaintiff class are not altogether concrete. No monetary fund was recovered for the class (although back pay will be recovered by certain individual claimants); appellants are simply enjoined from continuing past policy. Only members of the class who (1) seek employment with the TA and (2) are not denied employment on legitimate grounds unconnected with methadone use will benefit from this litigation. These two factors, complexity or risk of loss on the legal issues and benefit to the clients, are important considerations in any award of attorneys' fees above an hourly rate. See City of Detroit v. Grinnell Corp., supra, 495 F.2d at 470; Alpine Pharmacy, Inc. v. Chas. Pfizer & Co., 481 F.2d 1045, 1050 (2d Cir.), cert. denied, 414 U.S. 1092, 94 S.Ct. 722, 38 L.Ed.2d 549 (1973); Blank v. Talley Industries, Inc., 390 F.Supp. 1, 6 (S.D.N.Y.1975); Pealo v. Farmers Home Administration, 412 F.Supp. 561, 567 (D.D.C.1976). Since neither factor argues in favor of an extra award here, we must heed our own admonition to scrutinize attorneys' fee applications with an "eye to moderation," seeking to avoid either the reality or the appearance of awarding " 'windfall fees.' " City of Detroit v. Grinnell Corp., supra, 495 F.2d at 469, 470. We reduce the award by $50,710 and otherwise affirm it.
 
 III.
 
 7
 Cross-appellants Beazer, Reyes and Wright, three of the named plaintiffs in this class action, were denied individual relief reinstatement and back pay by the district court solely on the basis that, by being heroin users while working with the TA before their methadone treatment, they had violated a TA rule prohibiting heroin use. In each case, however, the TA's decision to discharge was not grounded on any violation of the heroin rule, but rather solely on use of methadone. Since this reason was unconstitutional, as above explicated, the court erred in denying individual relief.
 
 
 8
 The TA's argument against individual relief amounts to an attempt to evade the full force of the district court's holding. The TA first discharged the three employees for one reason and then years later, when that reason was held to be illegal, it sought to avoid any remedy for its wrong by asserting other reasons, never before articulated, why the employees could have been discharged at an earlier time. In the case of such illegal discharges, the wrong done by the employer consists not of discharging the employee but of discharging him for an illegal reason. It is irrelevant to the consideration of a remedy for that wrong that the wrong might have been avoided by a discharge for a legal reason. Cf. NLRB v. George J. Roberts & Sons, Inc., 451 F.2d 941, 945 (2d Cir. 1971) (if discharge of employee occurred even partially for motive that violated labor laws, he has suffered a remediable wrong, even if ample valid grounds existed for his discharge); NLRB v. Pembeck Oil Corp.,404 F.2d 105, 109 (2d Cir. 1968) (same), vacated on other grounds, 395 U.S. 828, 89 S.Ct. 2125, 23 L.Ed.2d 737 (1969). The wrong being proven, the only question remaining is how best to make the discharged employee whole for the violation of his rights. Cf. Franks v. Bowman Transportation Co., 424 U.S. 747, 763-64, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976) (remedies under Title VII of 1964 Civil Rights Act for victims of employment discrimination).
 
 
 9
 Certainly nothing in the record here indicates that the TA at the time of the methadone discharges considered alternatively discharging Beazer, Reyes, and Wright for violation of the heroin use rule. All indications are to the contrary, that the current assertions of the heroin use ground amount to " 'counsel's post hoc rationalizations,' " FPC v. Texaco, Inc., 417 U.S. 380, 397, 94 S.Ct. 2315, 41 L.Ed.2d 141 (1974), quoting Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962). As for other grounds on which the three individuals might have been discharged such as Beazer's alleged poor attendance record these were also not raised until after the district court had held the methadone ground unconstitutional. In any event, the district court examined the records and found these grounds insufficient, and if such a traditional employment problem arises after these three individuals are reinstated, that would provide an independent ground for a new discharge.
 
 
 10
 The remedies of hiring and back pay were ordered by the district court for two of the individual plaintiffs, and we affirm that holding as consistent with making those plaintiffs whole for the denial of their constitutional rights. We further believe that the same remedies should be ordered for Beazer, Reyes, and Wright, who are in essentially the same position as the other two in having lost or been denied employment for an illegal reason. We accordingly reverse the judgment as to these three plaintiffs and remand to the district court for a determination of the positions to which they should be reinstated and the amount of back pay due to them.
 
 
 11
 Judgment in accordance with opinion.
 
 
 
 *
 Of the Southern District of New York, sitting by designation