Cheryl SHARROCK, on behalf of herself
and all others similarly
situated, Plaintiffs,

v.

Patricia HARRIS, in her capacity as Secretary of the United States Department of Housing and Urban Development, the Peekskill Housing Authority, Cyrus A. Bleakley, Individually and as Chairman of the Members of the Peekskill Housing Authority, M. George Habeeb, Individually and as Housing Manager of the Peekskill Housing Authority, Defendants.

No. 78 Civ. 2412 (GLG).

United States District Court,
S. D. New York.

July 13, 1979.

**1174**

Westchester Legal Services, Inc., Peekskill, N. Y., for plaintiffs by John T. Hand, Martin A. Schwartz, White Plains, N. Y., Judith A. Kaufman, Peekskill, N. Y., Andrew L. Levy, White Plains, N. Y., of counsel.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City, for defendant Patricia Harris by Richard N. Papper, Asst. U. S. Atty., New York City, of counsel.

## OPINION

GOETTEL, District Judge.

Defendant Patricia Harris, in her official capacity as Secretary of the United States Department of Housing and Urban Development ("HUD"), has moved to dismiss the complaint as against her, asserting that this Court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The plaintiff, in a separate motion, has moved under Fed.R. Civ.P. 23 for class certification of the action against all defendants.

The plantiff is a tenant in a federally assisted public housing project in Peekskill, N. Y., owned and directly leased by the defendant Peekskill Housing Authority (the "Authority"). She asserts, on behalf of herself and the proposed class, that the lease entered into between the Authority and its tenants fails to contain certain provisions mandated by HUD regulations, 24 C.F.R. Part 866, promulgated pursuant to the United States Housing Act of 1937, as amended, 42 U.S.C. §§ 1401 et seq. (1970), and also, and more specifically, that the Authority has failed either to adopt a tenant grievance procedure in compliance with 24 C.F.R. Part 866, or to provide her, as required by 24 C.F.R. Part 861, with the opportunity to be heard prior to the imposition of a rent increase. As against defendant Harris, the plaintiff alleges that the Secretary had failed to perform her duties under the United States Housing Act to monitor and supervise the Authority and its officials so as to insure implementation of the requirements mandated in 24 C.F.R. Parts 861 and 866. As a result, the plaintiff asserts that she and the members of the putative class have been denied lease terms and grievance procedures which comply with the United States Housing Act, and have also suffered a deprivation of Due Process.

The plaintiff seeks both declaratory and injunctive relief against defendant Harris. She asks the Court to issue a declaratory judgment holding that the Secretary, in failing to perform her duties properly, has violated the rights of the plaintiff and the putative class, and also to order the Secretary to enforce the terms of 24 C.F.R. Parts 861 and 866 by implementing the proper lease and grievance provisions. No money damages have been sought against this defendant.

In her complaint the plaintiff set forth numerous provisions allegedly conferring jurisdiction over the claims against the Secretary. Upon argument of the motion to dismiss, however, the plaintiff apparently abandoned most of those grounds and chose instead to rely upon 28 U.S.C. § 1331(a) as the sole basis for jurisdiction.[1]

Section 1331 provides that jurisdiction lies, without regard to the amount in controversy, in an action against the United States, or its agencies, or any of its officers

---

1. Jurisdiction in the complaint was premised upon 28 U.S.C. §§ 1337 (arising under an act of Congress regulating commerce), 1343(3) (civil rights violation), 1361 (mandamus), and 2201–02 (declaratory judgment), as well as under § 1331(a).

or employees in their official capacity, arising under the Constitution, laws or treaties of the United States. Included within this grant is jurisdiction in the federal courts to review federal agency actions. *Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

■ The instant action is brought against an officer of the United States in her official capacity [2] for allegedly violating the laws of the United States, and as such seemingly comes within the terms of 28 U.S.C. § 1331. Suit against an officer in her official capacity, however, is treated as a suit against the United States itself, and is thereby limited by the doctrine of sovereign immunity. *See Hawaii v. Gordon,* 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). In this regard, it is firmly established that the sovereign is "immune from suit save as it consents to be sued," *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941), and that such consent must be clearly stated, *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). *See United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).

The plaintiff contends that Congress has waived sovereign immunity in the instant situation. Characterizing this suit as one arising under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* 1977 seeking non-statutory review of an adverse agency action, and asserting that sovereign immunity has been waived in actions under section 702 of the APA, she contends that this waiver also serves to eliminate sovereign immunity as a defense to jurisdiction.[3]

■ Under the terms of the 1976 amendments to the APA, Pub.L. No. 94–574, 90 Stat. 2721, the defense of sovereign immunity is waived in certain situations in which non-monetary relief is sought against a federal agency, or its officers or employees acting in the course of their official duties. 5 U.S.C. § 702.[4] The APA, however, does not in itself constitute a grant of subject matter jurisdiction to review agency action. *Califano v. Sanders,* 430 U.S. at 107, 97 S.Ct. 980. Thus even assuming that this action does arise under the APA (which was not alleged in either the complaint or amended complaint but was raised for the first time in the instant motion), there must still be some other statutory basis for this Court's jurisdiction. The plaintiff asserts that 28 U.S.C. § 1331 provides such an independent basis.

■ The question as to the effect the amendments to the APA have had upon the defense of sovereign immunity in an action brought under 28 U.S.C. § 1331 is an open one, subject to dispute among the circuits.

---

2. The complaint states that the defendant Harris was being "sued in her official capacity only."

3. It is clear that, as section 1331 itself is not a general waiver of sovereign immunity, were this action not characterized as one arising under the APA subject matter jurisdiction would be lacking.

4. After amendment in 1976, 5 U.S.C. § 702 now reads:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided,* That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

The plaintiff argues that the Third Circuit's decision in *Jaffee v. United States*, 592 F.2d 712 (3rd Cir.) *cert. denied,* —— U.S. ——, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979), was correct, and that such a holding is supported by the legislative history and the purpose of the 1976 amendments. H.R.Rep. No. 94–1656, 94th Cong., 2d Sess. (1976), *reprinted in*, [1976] U.S.Code Cong. & Admin.News, p. 6121. In *Jaffee, id.* at 718, the court held that Congress "amended section 702 with a specific purpose of waiving sovereign immunity in equitable actions brought under section 1331," and that, therefore, the defense could not serve as a bar to jurisdiction for non-statutory review of agency action under section 1331. *See Neal v. Secretary of the Navy*, 472 F.Supp. 763 (E.D.Pa. 1979). Although a strong argument can be made for this position, the Court does not, especially in view of the decision in *Watson v. Blumenthal*, 586 F.2d 925 (2d Cir. 1978)[5], concur.

In *Watson v. Blumenthal*, 586 F.2d at 932, the Second Circuit held that the 1976 amendments, while removing the jurisdictional amount requirement in suits against the United States, its agencies, officers or employees acting in their official capacity, did not remove, or in any way effect, the defense of sovereign immunity in actions brought for non-monetary relief under section 1331. *Cf. Sterling National Bank & Trust Co. v. Teltronics Services, Inc.*, 471 F.Supp. 182 (S.D.N.Y. 1979). Relying upon legislative history and congressional intent, Judge Oakes, writing for the Court, stated that:

There is no subject matter jurisdiction under the APA because the Act itself is not a grant of jurisdiction. *Califano v. Sanders*, 430 U.S. at 105, 97 S.Ct. 980, and the amendments also do not provide for jurisdiction but only make it clear that sovereign immunity will not be a defense in actions in which jurisdiction does exist; there is also no jurisdiction under § 1331 because of sovereign immunity, a defense that the amendments did not affect. Just as prior to the amendments to § 1331 the absence of a jurisdictional amount under the APA did not negate the requirement of a minimum amount in controversy in actions under § 1331, now the waiver of sovereign immunity under the APA does not affect the limitation of the sovereign immunity defense on jurisdiction under § 1331.

Although it is true that, as the plaintiff asserts, the *Watson* court held in the alternative that the terms of the Tucker Act, 28 U.S.C. §§ 1346(a)(2) & 1491, also precluded district court jurisdiction under section 1331, and that thereby its observations as to the effect of amended section 702 on 1331 jurisdiction were not essential to its decision, this Court believes that the Second Circuit's clear pronouncement cannot be ignored. Accordingly, as the Court finds that there has been no explicit waiver of the defense of sovereign immunity in suits brought under section 1331, the action against defendant Harris in her official capacity must be dismissed for lack of subject matter jurisdiction.[6]

Turning to the plaintiff's motion for class certification, no opposing papers have been filed and, in fact, the motion has been consented to by the Peekskill Housing Authority and the other individual defendants.[7] At

---

**5.** The Third Circuit in *Jaffee* explicitly stated that it was "constrained to disagree" with the Second Circuit's *Watson* decision. 592 F.2d at 718.

**6.** The plaintiff has attempted to avoid this conclusion by asserting that defendant Harris acted in an unconstitutional manner and is thereby unprotected by sovereign immunity. The Court, however, finds nothing in the complaint against this defendant which can be said to rise to the level of a constitutional violation, and which can thereby preclude the granting of the instant motion to dismiss. *See, e. g., Butz v.*

*Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

In addition, the Court believes that the relief sought by the plaintiff can be adequately obtained without defendant Harris as a named party. *See Braxton v. Poughkeepsie Housing Authority*, 382 F.Supp. 992 (S.D.N.Y.1974).

**7.** Defendant Harris did submit papers in opposition to the motion for class certification. Although the remaining defendants have not opposed this motion the Court believes that the issue is sufficiently close to preclude an easy disposition.

this time, however, the Court believes it to be more prudent to reserve decision on this motion since, in light of the dismissal of the complaint against the defendant Harris, a question arises as to the continuing basis for federal jurisdiction. *See City of Inglewood v. City of Los Angeles*, 451 F.2d 948 (9th Cir. 1972); *Rae v. United Parcel Service of Pa.*, 356 F.Supp. 465 (E.D.Pa.1973). Decision will, therefore, be withheld as to class certification for a reasonable period in order to afford the remaining defendants an opportunity to challenge this Court's jurisdiction.

Accordingly, the defendant Patricia Harris' motion to dismiss is granted, and decision is reserved on the plaintiff's motion for class certification. The clerk will enter judgment for defendant Harris dismissing the complaint.

SO ORDERED.