**Cheryl SHARROCK on behalf of herself and all others similarly situated, Plaintiffs,**

v.

**Patricia HARRIS, in her capacity as Secretary of the United States Department of Housing and Urban Development, the Peekskill Housing Authority, Cyrus A. Bleakley, Individually and as Chairman of the Members of the Peekskill Housing Authority, M. George Habeeb, Individually and as Housing Manager of the Peekskill Housing Authority, Defendants.**

No. 78 Civ. 2412 (GLG).

United States District Court, S. D. New York.

May 13, 1980.

Westchester Legal Services, Inc., White Plains, N. Y., for plaintiffs, by John T. Hand, Andrew L. Levy, White Plains, N. Y., Judith A. Kaufman, Peekskill, N. Y., of counsel.

Peter B. Nickles, Peekskill, N. Y., for defendant Peekskill Housing Authority.

## OPINION

GOETTEL, District Judge:

This is a motion for an award of attorneys' fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. The motion arises in a case involving disputes over lease provisions and grievance procedures in federally financed public housing.

Plaintiff Cheryl Sharrock is a tenant in a federally assisted housing project in Peekskill, New York, operated by defendant Peekskill Housing Authority ("PHA"). On January 1, 1978, Sharrock (along with other affected tenants) was assessed a $33 increase in the welfare surcharge on her rent, without being given notice of the right to contest the increase, and in May she was given three days to pay certain utilities and other service charges or face summary eviction proceedings. Complaining that PHA had failed to comply with regulations of the Department of Housing and Urban Development ("HUD") and that PHA's actions had deprived her of her constitutional right to due process, she brought this action on May 24, 1978, on behalf of herself and other similarly situated tenants, against PHA, the Secretary of HUD, and two individual officials in the PHA.

After commencement of this action, the summary proceedings that had been instituted against Sharrock were dropped, and in October 1979 the parties arrived at a settlement. The terms of the settlement included (1) PHA's adoption of a model lease and grievance procedures conforming to HUD regulations and (2) PHA's agreement to follow the procedures of HUD's regulations for rent increases. Plaintiffs subsequently moved against defendant PHA [1] for attorneys' fees under 42 U.S.C. § 1988.

Section 1988 provides for allowance of "reasonable" attorneys' fees to "the prevailing party," in the discretion of the court, in actions to enforce, inter alia, 42 U.S.C. § 1983. Section 1983 provides for suits to redress "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States under color of law.

■ The first requirement plaintiffs must satisfy in their application for attorneys' fees is the presence in the case of a substantial section 1983 claim. Plaintiffs' allegations of due process violations in the actions taken against them by PHA, coupled with the provisions of the settlement agreement altering PHA procedures, are sufficient to satisfy this requirement.

The second requirement is that plaintiffs must be the prevailing party. The standard in the Second Circuit for determining whether a plaintiff is the prevailing party is

1. The Secretary of HUD was dismissed from the suit in July 1979, *Sharrock v. Harris,* 473 F.Supp. 1173 (S.D.N.Y.1979), and the individual defendants were dismissed as part of the settlement stipulation in October 1979.

set out in *Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979), aff'd, 444 U.S. 824, 100 S. Ct. 44, 62 L.Ed.2d 30 (1979). The court stated that "counsel fees could be awarded whenever plaintiff's efforts confer benefits on the class, including those obtained through settlement." *Id.* at 340. Plaintiffs in the instant case obtained benefits for the class including changes in the model lease, grievance procedures, and procedures for rent increases, as is noted above.

█ Defendant PHA argues that, even if plaintiffs could be considered the prevailing party, this Court should deny the requested attorneys' fees on the ground that such an award would be unjust because PHA is running a deficit and has no resources to pay an award. Although the award of attorneys' fees is expressly discretionary, Congress clearly intended that section 1988 be construed liberally and that successful plaintiffs be awarded attorneys' fees except under "special circumstances." *Mid-Hudson Legal Services, Inc. v. G & U, Inc.*, 578 F.2d 34, 37–38 (2d Cir. 1978) (quoting S.Rep.No.1011, 94th Cong., 2d Sess. 4, *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 5908, 5912). Lack of funds on the part of a public agency would not seem to be one of the "special circumstances" Congress had in mind, since Congress clearly contemplated that governmental bodies, which are usually short of funds, would often be the defendants against which attorneys' fees would be assessed. S.Rep.No.1011, 94th Cong., 2d Sess. 5, *reprinted in* [1976] U.S.Code Cong. & Admin. News, pp. 5908, 5913.

█ Since plaintiffs' efforts in this case conferred benefits on the class, the case included substantial section 1983 claims, and no special circumstances make the award of attorneys' fees unjust, plaintiff's application for an award is granted.

█ The amount of the award is, of course, also in the discretion of the judge. The starting point for the determination of a reasonable fee is the number of hours the lawyers have worked on the case, *see, e. g., Gagne v. Maher, supra; Becker v. Blum*, 487 F.Supp. 873 (S.D.N.Y.1980). Appropriate reductions may be made for duplicative staffing or billing, *see, e. g., Seigal v. Merrick*, 619 F.2d 160, 164 & n.9 (2d Cir. 1980), and for hours beyond what an average lawyer would spend on issues of like complexity. *See, e. g., Gagne v. Maher, supra*, at 345. Reasonable hourly rates are determined by looking to the rates customarily charged in the community for similar services, *see, e. g., Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 638 (6th Cir. 1979), with no reduction for legal services lawyers as opposed to commercial lawyers. *Beazer v. New York City Transit Authority*, 558 F.2d 97, 100 (2d Cir. 1977), *rev'd on other grounds*, 440 U.S. 568, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979); *Torres v. Sachs*, 538 F.2d 10, 12 (2d Cir. 1976); *Becker v. Blum, supra*, 487 F.Supp. at 875; *Mid-Hudson Legal Services v. G & U, Inc.*, 465 F.Supp. 261, 270 (S.D.N.Y.1978).

Plaintiffs have requested attorneys' fees for three lawyers in the following amounts: for John T. Hand, an attorney with twelve years of experience in legal services for the poor, 65.5 hours at $130 per hour, totaling $8,515; for Andrew L. Levy, with sixteen years of experience, twelve of which were in legal services for the poor, 59 hours at $130 per hour, totaling $7,670; and for Judith A. Kaufman, with seven years of experience, 31 hours at $65 per hour, totaling $2,015. The total requested for all three lawyers is $18,200.

An examination of the affidavits submitted in support of this application reveals some duplication in staffing: The hours Ms. Kaufman spent reviewing records of PHA on August 17, 1978 (item #7), negotiating with HUD and PHA on April 2, 1979 (item #11), and meeting with Peter Nickles at HUD on September 10, 1979 (item #13) appear to duplicate, respectively, Mr. Hand's item #5, Mr. Levy's item #9, and Mr. Hand's item #22. Consequently, eight hours are deducted from Ms. Kaufman's time records. Mr. Levy's hours for the meeting at HUD with Peter Nickles (item #16) also appear to duplicate Mr. Hand's item #22. Thus, three hours are deducted from Mr. Levy's time records.

█ The Court also finds that the hourly rates requested are high for this type of

work. The issues in this action were not unusually complex and few courtroom appearances were required. The Court may consider such circumstances in arriving at a reasonable rate. *E. g., Northcross v. Board of Education of Memphis City Schools, supra.* The Court concludes that an award based on hourly rates of $75 per hour for Mr. Hand and Mr. Levy and $50 per hour for Ms. Kaufman would be appropriate in this case. *Compare, e. g., Gagne v. Maher, supra* ($45 hourly rate approved); *Becker v. Blum, supra* (hourly rates of $75 and $90); *Mid-Hudson Legal Services v. G & U, Inc.,* 465 F.Supp. 261 (S.D.N.Y.1978) (hourly rates of $55, $70, and $80).

Using the rates we find reasonable, we arrive at an award of attorneys' fees to plaintiffs to be assessed against defendant PHA totaling $10,262.50, computed as follows: for Mr. Hand, 65.5 hours at $75 per hour, totaling $4,912.50; for Mr. Levy, 56 hours at $75 per hour, totaling $4,200; for Ms. Kaufman, 23 hours at $50 per hour, totaling $1,150.

Defendant PHA is, therefore, directed to pay the total sum of $10,262.50 to plaintiffs' attorneys.

So ordered.