■ In the Matter of MARY HUDAK, Appellant, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Commissioner of Social Services dated July 11, 1983, which, after a fair hearing, affirmed a determination of the local agency denying the petitioner's application for medical assistance rendered to her deceased spouse, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Morrison, J.), entered June 26, 1984, which denied her application for attorney's fees.

Judgment affirmed, without costs or disbursements.

In relevant part, 42 USC § 1988 provides that the court, in any action or proceeding brought under 42 USC § 1983 may, in its discretion, award reasonable attorney's fees to the prevailing party. Although the statute indicates that the determination is a matter of judicial discretion, New York has adopted the position that a prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust" *(Newman v Piggie Park Enters.,* 390 US 400, 402; *see, Matter of Johnson v Blum,* 58 NY2d 454, 458).

Before the question of whether such "special circumstances" exist is reached, however, there must first be a finding that (1) the petitioner is a prevailing party, and (2) the proceeding is to enforce a right secured under 42 USC § 1983 *(see, Matter of Rahmey v Blum,* 95 AD2d 294; *Sharrock v Harris,* 489 F Supp 913). In the instant case, the petitioner has failed to establish the latter requirement.

42 USC § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory * * * subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

The courts have consistently held that an action under 42 USC § 1983 may not be maintained to redress violations of a deceased's civil rights which occurred after his death, on the ground that the statutory language "other person" contemplates only a living person *(see, e.g., Guyton v Phillips,* 606 F2d 248, *cert denied sub nom. Guyton v Jensen,* 445 US 916; *Silkwood v Kerr-McGee Corp.,* 637 F2d 743, *cert denied* 454 US 833). Here, the alleged wrongful act, consisting of the denial of Michael Hudak's application for Medicaid benefits, did not occur until after the death of the petitioner's decedent. Consequently, the petitioner could not prevail in an action pursuant to 42 USC § 1983, which is a prerequisite to an award of attorney's fees pursuant to 42 USC § 1988. Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.