**Patrick DeMAURO, Plaintiff-Appellee,**

v.

**CENTRAL GULF SS CORP., Defendant and Third Party Plaintiff-Appellee-Appellant,**

v.

**INTERNATIONAL TERMINAL OPERATING CO., INC., Third Party Defendant-Appellant.**

No. 585, Docket 74–2243.

United States Court of Appeals, Second Circuit.

Argued Feb. 19, 1975.

Decided March 28, 1975.

Albert V. Testa, New York City (Sidney A. Schwartz, Alexander, Ash, Schwartz & Cohen, New York City, of counsel), for third party defendant-appellant.

Martin Lassoff, New York City (Morris Cizner, Zimmerman & Zimmerman, New York City, of counsel), for plaintiff-appellee.

John B. Shields, New York City (William K. Tormey, Bigham, Englar, Jones & Houston, New York City, of counsel), for defendant and third party plaintiff-appellee and appellant.

Before ANDERSON, MULLIGAN and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Patrick DeMauro, a longshoreman, was injured by the collapse of a tier of wooden boxes while he was unloading cargo from the hatch of a ship docked at Bayonne, N. J. This appeal is from a judgment in his favor against the shipowner, Central Gulf SS Corp., and a judgment over for the full amount against the impleaded third party defendant, International Terminal Operating Co., Inc., DeMauro's employer.

Third-party defendant-appellant, hereinafter designated International, contends that the trial court erred in directing a verdict on liability in favor of DeMauro against the shipowner, Central, and in failing to submit special written interrogatories to the jury to which was submitted the issue of liability as between Central and International. International also argues that the jury verdict in favor of Central in the action over was against the weight of the evidence.

Central and International agree, as does this Court, that the verdict for

plaintiff was excessive. We find International's other contentions to be without merit.

The boxes which fell were stacked upon a pile of pipes. There was testimony that these boxes were being supported by shoring on the day preceding the accident but that this shoring was not in place when the boxes fell. This latter testimony was in dispute because of DeMauro's contrary answers to pretrial interrogatories and photographs which purported to show shoring timbers in the vicinity of the fallen boxes subsequent to the accident. In any event, it was undisputed that DeMauro had not gone near the boxes prior to his injury.

On this proof, counsel for Central concluded that he had no valid claim of contributory negligence on the part of DeMauro and withdrew this affirmative defense. Counsel for DeMauro thereupon withdrew his cause of action sounding in negligence and moved for a directed verdict against Central on the issue of unseaworthiness which was granted. All of this occurred without objection on the part of International.

■ Absent fundamental error, a party who neglects to assert his disagreement with a trial court's rulings or orders will not receive a ready ear for protest made in the first instance in this Court. United States v. Jenkins, 510 F.2d 495 (2d Cir., 1975); United States v. Vater, 259 F.2d 667 (2d Cir. 1958). We find no such error in the direction of the verdict.

■■ The jury was fairly charged on the issues submitted to them, and the trial court's decision not to use special written interrogatories was within its discretion. Skidmore v. Baltimore & O. R. R., 167 F.2d 54 (2d Cir.), cert. denied, 335 U.S. 816, 69 S.Ct. 34, 93 L.Ed. 371 (1948). Moreover, we cannot say that there was not adequate evidentiary support for the jury's decision which imposed sole liability upon International.

■ The jury could properly have found that, prior to the accident, the boxes which fell from their unstable position on the pipes had been supported by shoring or other cartons, or both, and that this support was removed by employees of International or at least with their knowledge. International's warranty to Central required it to perform its services properly in the face of known defects, and it was therefore required either to correct the defects or stop work until they were corrected Henry v. A/S Ocean, 512 F.2d 401 (2d Cir., 1975). Its failure to do either justified the jury's imposition of liability.

■ It is on the issue of damages that we feel appellants have cause to complain. DeMauro sustained a fractured femur, which was fixed by open reduction and pinning, and a non-displaced fracture of the fibula. Both fractures healed properly and with good union. The medical experts disagreed concerning DeMauro's ability to perform the heavy manual labor and climbing required by his former job, but all were in accord that he was able to work. According to DeMauro, his attending physician discharged him from treatment in April of 1972, one year following the accident, and advised him at that time that he could return to work. DeMauro's medical specials were $5,049.37.

We conclude that the jury's verdict of $200,000 must have been based in large measure upon a finding of permanent disability from employment which was not justified by the testimony and is therefore grossly excessive. We reverse and remand the case to the trial court for a new trial solely on the issue of plaintiff's damages unless plaintiff is willing to remit all damages in excess of $100,000. In the event that such remittitur is made within ten (10) days, the judgment will be affirmed with costs to plaintiff-appellee.