Beatrice MILWE, Plaintiff-Appellant,

v.

Alfred E. CAVUOTO, et al., Defendants-Appellees.

No. 1421, Docket 81–7111.

United States Court of Appeals, Second Circuit.

Argued May 28, 1981.

Decided June 25, 1981.

David N. Rosen, New Haven, Conn. (Catherine G. Roraback, Canaan, Conn. of counsel), for plaintiff-appellant.

Joseph G. Lynch, Hartford, Conn., for defendant-appellee Alfred E. Cavuoto.

Raymond B. Rubens, Bridgeport, Conn., for defendant-appellee Arthur Buchanan.

Before FEINBERG, Chief Judge, and LUMBARD and MANSFIELD, Circuit Judges.

FEINBERG, Chief Judge:

Beatrice Milwe appeals from an order of the United States District Court for the District of Connecticut, Warren W. Eginton, J., denying her application for attorney's fees following her successful suit against various law enforcement officials of the City of Bridgeport, Connecticut for civil rights violations and pendent state law claims. Appellant's request was made pursuant to the Civil Rights Attorney's Fees Awards Act of 1976 (the Act), 42 U.S.C. § 1988. The district judge, relying on our recent decision in *Zarcone v. Perry*, 581 F.2d 1039 (2d Cir. 1978), cert. denied, 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979), held that an award under the Act was unwarranted. Because we find this conclusion was based on an overly restrictive reading of *Zarcone*, we reverse and remand the case to the district court for further proceedings in accordance with this opinion.

## I.

In August 1970, plaintiff Milwe was at a state courthouse in Bridgeport, Connecticut, in connection with a criminal proceeding in which she had pledged her house as security for the defendant's bond. Several Bridgeport police officers were also present in the courthouse corridor, awaiting the arrival of the same defendant for the purpose of arresting him on an unrelated charge. When the defendant arrived, a scuffle ensued during the course of which plaintiff Milwe was knocked to the floor; she suffered a broken nose and several bruises and scrapes. A few days later, Sergeant Raymond F. Buchanan of the Bridgeport police obtained a warrant for Mrs. Milwe's arrest, charging her with interfering with a police officer and disturbing the peace. Shortly thereafter, Mrs. Milwe surrendered herself at Bridgeport police headquarters, and was released on her own recognizance. Eighteen months later, these charges were dismissed by the state prosecutor in open court.

In August 1972, plaintiff commenced the present action in the district court against defendants Alfred Cavuoto, a deputy sheriff of Fairfield County; John Previdi, High Sheriff of Fairfield County; Joseph Walsh, Superintendent of the Bridgeport police department; and Raymond F. Buchanan and Paul Lengyel, Bridgeport police officers. In the action, Milwe sought both compensatory and punitive damages pursuant to 42 U.S.C. § 1983 and state tort law for the August 1970 incident. Specifically, plaintiff Milwe's complaint alleged in the first count that Sheriff Cavuoto had knocked her to the ground, breaking her nose; that this was an infliction of unconstitutionally excessive force; and that defendants Lengyel and Buchanan and their supervisor, Superintendent Walsh, and Cavuoto's supervisor, High Sheriff Previdi, were all also liable. The second count consisted of a pendent state tort law claim of assault against only Sheriff Cavuoto. Count three charged Sergeant Buchanan with violating plaintiff's constitutional rights by making a false affidavit to procure her arrest. Count four charged Sergeant Buchanan with false arrest under Connecticut law.

In November 1976, the case was tried before Judge Eginton and a jury. After a four-day trial, the jury found Sheriff Cavuoto liable on both the civil rights violation alleged in count one and the assault charge alleged in count two. The jury awarded compensatory damages against Sheriff Cavuoto of $1 and $1,320 respectively on these two counts. The jury found that the remaining defendants named in count one were not liable for plaintiff's injuries. On counts three and four, the jury found for plaintiff, and awarded a total of $1 in damages against Sergeant Buchanan. No punitive damages were awarded on any count.

Plaintiff then petitioned the district court to award reasonable attorney's fees and expenses pursuant to 42 U.S.C. § 1988. In a ruling dated January 7, 1981, the district

court denied the motion. After stating that attorney's fees could only be awarded on the civil rights counts, "and then in the complete discretion of the Court," the judge held that no fees could be awarded against Sergeant Buchanan because it was "logical to assume that the jury's finding against Sergeant Buchanan was based upon the false arrest charge rather than a violation of civil rights separate and apart from, and in addition to, the false arrest." With regard to Sheriff Cavuoto, the other defendant found liable to plaintiff for damages, the district court denied a fee award in light of our recent decision in *Zarcone*, because this "essentially private" dispute involved no current social interest, and in any event, the plaintiff was able to retain "extremely competent private counsel." This appeal followed.

## II.

In 1976, Congress amended 42 U.S.C. § 1988 to provide that in any action to enforce 42 U.S.C. § 1983 "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." As this language makes clear, the decision whether to award attorney's fees rests in the discretion of the district court, whose judgment should not be reversed absent an abuse of that discretion. See, e. g., *Harkless v. Sweeny Independent School District*, 608 F.2d 594, 596 (5th Cir. 1979); *Morrow v. Dillard*, 580 F.2d 1284, 1300 (5th Cir. 1978). In exercising this discretion, however, a district court is not without guidance. As we pointed out in some detail in *Zarcone v. Perry*, supra, 581 F.2d at 1042 & n.3, the legislative history of the 1976 amendment demonstrates a Congressional intention that "a party seeking to enforce the rights protected by the statutes covered by [the Act], if successful, 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" Sen.Rep.No. 1011, 94th Cong., 2d Sess. 1, reprinted in [1976] U.S.Code Cong. & Ad.News 5908, 5912 (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)); see also *Northcross*

*v. Board of Education*, 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973). This presumption, the so-called *Newman-Northcross* rule, has been characterized as limiting the district court's discretion to deny fees under the Act. See *Bonnes v. Long*, 599 F.2d 1316, 1318 (4th Cir. 1979); *Criterion Club of Albany v. Board of Commissioners*, 594 F.2d 118, 119 (5th Cir. 1979).

But, as our decision in *Zarcone* makes clear, this does not mean that an attorney's fee must be awarded to a successful plaintiff in a civil rights case. In that case, appellant Zarcone had been denied attorney's fees by the district court after successfully prosecuting his civil rights claim against a state court judge and a deputy sheriff. Appellant contended there that he was entitled to such fees as a matter of right since no "special circumstances" were present justifying the rejection of the *Newman-Northcross* presumption in favor of awarding fees. We disagreed, holding that the district court had properly exercised its discretion to deny appellant fees under the Act. Because the district court here relied on our opinion in *Zarcone* in denying attorney's fees against Sheriff Cavuoto, it is necessary to examine our holding in that case in some detail.

Zarcone was a coffee vendor who had been handcuffed, tongue-lashed and threatened with legal action by the defendants judge and sheriff because the judge had been dissatisfied with a cup of coffee purchased from the vendor. Zarcone retained private counsel on a contingent fee basis and, after a jury found in his favor, was awarded $141,000 in damages, including $61,000 in punitive damages. *Zarcone v. Perry*, supra, 581 F.2d at 1044. Under these circumstances, we held that Congress did not intend that the *Newman-Northcross* rule be applied "woodenly," but rather should be considered in light of the "principal factor" underlying the decision to allow fee shifting in certain types of cases: "whether a person in the plaintiff's position would have been deterred or inhibited in seeking to enforce civil rights without an assurance that his attorneys' fees would be

paid if he were successful." Id. In a case like *Zarcone*, where from the outset it was clear that the prospects for recovery were bright enough to attract competent counsel on a contingent fee basis, we saw no reason to invoke the *Newman-Northcross* presumption, since there was "no financial disincentive or bar to vigorous enforcement" of the plaintiff's civil rights. Id.

Although purporting to apply *Zarcone* as the standard for judging plaintiff Milwe's fee claim, the district court in this case never addressed the question whether Mrs. Milwe's prospects for success were sufficiently bright to render inappropriate the application of the *Newman-Northcross* rule. Instead, the district court interpreted *Zarcone* as authorizing fees only in cases of "broad public interest wherein the services of 'private attorneys general' should be encouraged . . . ." The *Zarcone* opinion does refer to the overall significance of the constitutional rights being vindicated as one factor worthy of consideration, id., but this discussion was in the context of a case in which plaintiff's "bright prospects" for success had been clearly demonstrated. The "private" nature of Zarcone's claim was not the principal basis for our decision there; indeed, although we affirmed the lower court's denial of a fee, we specifically rejected its conclusion that "to be eligible for shifting of attorneys' fees, the civil rights plaintiff is obligated to show that his action resulted in direct benefits to others, rather than in benefits solely to himself." *Zarcone v. Perry*, supra, 581 F.2d at 1042; see also *Perez v. University of Puerto Rico*, 600 F.2d 1, 2 (1st Cir. 1979) (quoting *Zarcone* with approval).

In concentrating on the "private" nature of the plaintiff's action, therefore, Judge Eginton ignored the "principal factor" identified by this court in *Zarcone*: whether absent an award of fees, a similarly situated plaintiff would be deterred from enforcing his constitutional rights. From our examination of the record before us on appeal, we are persuaded that all of the relevant factors guiding the district court's discretion weigh so heavily in favor of awarding attorney's fees, that the denial of such fees

was an abuse of that discretion. Unlike the plaintiff in *Zarcone*, the likelihood that Mrs. Milwe would be able to obtain a substantial recovery against the five Bridgeport law enforcement officials named in her complaint was not great. See generally Newman, Suing the Law-breakers: Proposals to Strengthen § 1983 Damage Remedy for Law Enforcers' Misconduct, 87 Yale L.J. 447, 465 (1978) ("cases of illegal arrests and searches, even when successful, generally result in very modest awards").

██ Appellee Cavuoto, although not claiming that Mrs. Milwe had "bright prospects" for success when she commenced the present action, contends that three other factors support the denial of a fee to plaintiff under the Act. First, appellee contends, and the district court apparently agreed, that Milwe's ability to secure "extremely competent private counsel" eliminates the necessity to award attorney's fees. However, "Congress did not intend that the vindication of statutorily granted rights would depend on the private party's economic resources or on the availability of free legal assistance." *Gore v. Turner*, 563 F.2d 159, 164 (5th Cir. 1978); see also *International Society for Krishna Consciousness, Inc. v. Collins*, 609 F.2d 151 (5th Cir. 1980); *Bunn v. Central Realty of Connecticut*, 592 F.2d 891, 892 (5th Cir. 1979). That plaintiff was fortunate enough to be financially able to retain private counsel is irrelevant. Appellee's second argument, that fees should not be awarded because the action was commenced several years prior to the adoption of the 1976 amendment to § 1988, is equally without merit. The Supreme Court has held that the Act is retroactively applicable to all cases that were pending on the date of its enactment. *Hutto v. Finney*, 437 U.S. 678, 695 n.23, 98 S.Ct. 2565, 2575, n.23, 57 L.Ed.2d 522 (1978); see also *Sethy v. Alameda County Water District*, 602 F.2d 894 (9th Cir. 1979), cert. denied, 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980); *King v. Greenblatt*, 560 F.2d 1024, 1025 n.2 (1st Cir. 1977), cert. denied, 438 U.S. 916, 916 S.Ct. 3146, 57 L.Ed.2d 1161 (1978). That this case was actually tried after the

effective date of the Act only reinforces this conclusion.

██ Finally, appellee Cavuoto contends that a fee award is inappropriate since the jury awarded substantial damages only on the pendent state law assault claim and not on the constitutional violation. As the Supreme Court has emphasized in a recent opinion affirming a decision of this court, however, attorney's fees are available in cases "in which the plaintiff prevails on a wholly statutory, non-civil rights claim pendent to a substantial constitutional claim." *Maher v. Gagne*, 448 U.S. 122, 132, 100 S.Ct. 2570, 2576, 65 L.Ed.2d 653 (1980). Specifically adopting this court's reasoning, the Supreme Court stated that such a fee award " 'furthers the Congressional goal of encouraging suits to vindicate constitutional rights without undermining the long-standing judicial policy of avoiding unnecessary constitutional decisions.' " *Maher*, supra, 448 U.S. at 133, 100 S.Ct. at 2577 (quoting *Gagne v. Maher*, 594 F.2d 336, 342 (2d Cir. 1979)). See also *Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978); *Kimbrough v. Arkansas Activities Association*, 574 F.2d 423 (8th Cir. 1978).

██ Moreover, even if fees were not awarded on the basis of Milwe's pendent state law claim, the one dollar assessed against Sergeant Cavuoto on plaintiff's constitutional claim would be sufficient to support an award of fees under the Act. See *Carey v. Piphus*, 435 U.S. 247, 257 n.11, 98 S.Ct. 1042, 1049 n.11, 55 L.Ed.2d 252 (1978); see also *Zarcone*, supra, 581 F.2d at 1042; *Davis v. Village Park II Realty Co.*, 578 F.2d 461, 464 (2d Cir. 1978). As the First Circuit stated, relying on *Zarcone*:

> The award of counsel fees is not intended to punish the defendant in any way. Rather it is to permit and encourage plaintiffs to enforce their civil rights. To declare those rights while simultaneously denying the award of fees would seriously undermine the declared congressional policy. Fees may not be denied simply because only nominal damages are awarded.

*Perez v. University of Puerto Rico*, supra, 600 F.2d at 2.

This is not a case such as *Huntley v. Community School Board of Brooklyn*, 579 F.2d 738 (2d Cir. 1978), where we affirmed the denial of attorney's fees. In that case, the trial judge had applied the correct criteria and we simply found no abuse of discretion in his conclusion that the prevailing plaintiff had won "only a 'moral victory' of insufficient magnitude to warrant an award under § 1988." *Huntley*, supra, 579 F.2d at 742. Moreover, an individual damage action to redress instances of police misconduct is often the only tool reasonably available to vindicate society's interest in ensuring that those who enforce the law also abide by it. See Newman, supra, at 449–53; see also *Fox v. Parker*, 626 F.2d 351, 353 (4th Cir. 1980) ("Certainly, the vindication of an individual's civil rights [in an action against a state trooper] inures to the benefit of all citizens."). Given this overall benefit to society, that Mrs. Milwe's individual recovery on her civil rights claim was nominal should not preclude an award of fees.

In light of all of these considerations, we are persuaded that the district court abused its discretion in failing to assess attorney's fees against Sheriff Cavuoto. These considerations also require a reversal of the district court's refusal to consider under proper criteria whether fees should be assessed against Sergeant Buchanan. As we indicated above, either the nominal award against Sergeant Buchanan on plaintiff's constitutional claim, or the finding of liability on the pendent state law claim, could be sufficient ground to justify an award under the Act. We therefore reverse the decision of the district court, and remand for further consideration of plaintiff's application for attorney's fees in accordance with this opinion.