679 F.2d 1037
 Robert WHEATLEY, Plaintiff-Appellee,
v.
Police Officers Michael FORD, Roger Lafferty, Kevin Gorman,
Detectives Edward Zaleski, Gary Tirelli, Jay
Richards and Detective Sergeant William
Wagner, Defendants-Appellants.
 Nos. 307, 530, Dockets 81-7443, 81-7621.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 7, 1981.
Decided May 18, 1982.
 
 Sydney J. Chase, Mineola, N. Y. (Ilene S. Cooper, Mineola, N. Y., on brief), for plaintiff-appellee.
 Robert O. Boyhan, Deputy County Atty., Mineola, N. Y. (Edward G. McCabe, County Atty., of Nassau County, Mineola, N. Y., on brief), for defendants-appellants.
 Before LUMBARD, WATERMAN and VAN GRAAFEILAND, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 This is the second appeal in plaintiff's action for unlawful arrest and excessive use of force by defendants, members of the Nassau County Police Department. Plaintiff sued in the United States District Court for the Eastern District of New York, seeking damages under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights. On the first trial, the jury found that Wheatley had been subjected to both an unconstitutional arrest and the unconstitutional use of force. It awarded plaintiff $800 for the unlawful arrest and $1 for the unlawful use of force.
 
 
 2
 On appeal, this Court reversed the $1 award and remanded the use of force issue for a new trial solely on the issue of damages. Wheatley v. Beetar, 637 F.2d 863 (2d Cir. 1980). One panel member voted against limiting the retrial to the issue of damages, on the ground that the nature and extent of plaintiff's alleged injuries were inextricably intertwined with the nature and extent of the defendants' alleged use of force. Id. at 868-69. The dissent believed that the seven defendants would be unfairly prejudiced by instructions that all seven of them had subjected plaintiff to excessive force, otherwise undescribed. Id. Upon retrial, the $1 verdict became a $55,000 verdict. In addition, the district court awarded attorney's fees of $39,742 pursuant to 42 U.S.C. § 1988. Defendants appeal from what they consider an excessive award of compensatory damages and from the award of attorney's fees.
 
 I.
 
 3
 When reviewing a claim of excessive damages, an appellate court must accord substantial deference to the jury's determination of factual issues. Wheatley v. Beetar, supra, 637 F.2d at 865; Music Research, Inc. v. Vanguard Recording Society, Inc., 547 F.2d 192, 195 (2d Cir. 1976). In examining a lower court's discretionary refusal to set aside a verdict, an appellate court must view the evidence and draw all factual inferences in favor of the appellee. Grunenthal v. Long Island R. R. Co., 393 U.S. 156, 159, 89 S.Ct. 331, 333, 21 L.Ed.2d 309 (1968). Nevertheless, a judgment cannot be upheld where the damages awarded are so excessive "as to shock the judicial conscience." See United States ex rel Larkins v. Oswald, 510 F.2d 583, 589 (2d Cir. 1975); Caskey v. Village of Wayland, 375 F.2d 1004, 1007 (2d Cir. 1967). When a judgment is grossly excessive, this Court may order the plaintiff to remit excessive damages or undergo a new trial. O'Gee v. Dobbs Houses, Inc., 570 F.2d 1084, 1089-90 (2d Cir. 1978); DeMauro v. Central Gulf SS Corp., 514 F.2d 403, 405 (2d Cir. 1975). With these considerations firmly in mind, we examine the record to determine whether a verdict of $55,000 was warranted.
 
 
 4
 Most of Wheatley's alleged injuries were temporary in nature. He testified that he was struck with a "slapjack", that his bare feet were stomped on, and that he was cuffed in the ears. His only claim of permanency was a perforated eardrum in his left ear, a slight loss of hearing in the upper range and tinnitus, or ringing in the ear, a very common ear-related complaint.
 
 
 5
 Moreover, although plaintiff produced evidence that he had a punctured eardrum at the time of his post-arrest physical examination, Dr. Sharfin, the examining physician, was unable to state whether the puncture was a fresh one. Dr. Sharfin made no notation in his records of the bleeding that would ordinarily accompany a recent wound. Furthermore, plaintiff did not mention the ear injury at the time he made a report of police brutality and requested medical attention. His first complaint of tinnitus followed an altercation that occurred during a period of unrelated incarceration. In any event, expert testimony tended to show that any hearing loss resulting from the punctured eardrum was very minor and would not interfere with normal activity.
 
 
 6
 The foregoing testimony simply will not support a verdict of the magnitude of this award. While perhaps severe, Mr. Wheatley's temporary discomfort did not last for long. The testimony is largely uncontradicted that any permanent hearing impairment is very minor. After careful review of the evidence, we feel that an award of $25,000 is adequate compensation for the injuries sustained. Accordingly, the judgment of the district court is reversed and the case remanded for a new trial, unless plaintiff is willing to remit all damages in excess of $25,000.
 
 II.
 
 7
 Judge Pratt awarded plaintiff attorney's fees of $39,742 pursuant to 42 U.S.C. § 1988. Defendants claim that attorney's fees are inappropriate in this case and that the amount of the award results in an unwarranted windfall for plaintiff's attorney.
 
 
 8
 Section 1988 makes the awarding of attorney's fees discretionary with the trial court, and this Court has on numerous occasions approved the favorable exercise of that discretion. See, e.g., Milwe v. Cavuoto, 653 F.2d 80, 82-84 (2d Cir. 1981); Cohen v. West Haven Board of Police Commissioners, 638 F.2d 496, 504-07 (2d Cir. 1980). In Milwe v. Cavuoto, supra, we held that a factor to be considered in determining the propriety of a section 1988 award is whether a plaintiff in a similar situation would be deterred from bringing the action absent the likelihood of such an award. Milwe recognized that a request for attorney's fees should not be denied merely because the action provided a private benefit to the plaintiff rather than a public benefit to a class of similarly situated persons.
 
 
 9
 We believe that a plaintiff in Wheatley's position might well be deterred from pursuing his claim, absent some provision for attorney's fees. Yet, actions such as this which deter police overreaching benefit society as a whole. Milwe v. Cavuoto, supra, 653 F.2d at 84; Fox v. Parker, 626 F.2d 351, 353 (4th Cir. 1980). Under these circumstances, the trial court did not err in granting Wheatley's application for attorney's fees.
 
 
 10
 The magnitude of the award presents, however, a more serious question. Although awards of attorney's fees are within the discretion of the trial court, this Court has repeatedly stressed the need to view such awards with an "eye to moderation" so as to avoid even the appearance of windfall fees. Beazer v. New York City Transit Authority, 558 F.2d 96, 101 (2d Cir. 1977), rev'd on other grounds, 440 U.S. 568, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979); City of Detroit v. Grinnell Corp., 495 F.2d 448, 469-70 (2d Cir. 1974).
 
 
 11
 The total award of $39,742 was based upon a lodestar figure of $29,742 plus a bonus allowance of $10,000. Because defendants do not contest the number of hours or the hourly rates claimed by plaintiff's attorney, the appropriateness of the lodestar figure is not at issue. On the facts of this case, however, we cannot uphold the $10,000 bonus awarded by the district court. The legal issues involved were not inordinately complex. See Beazer v. New York City Transit Authority, supra, 558 F.2d at 100. Neither were the factual issues. Although the absence of any serious injuries precluded the possibility of a substantial verdict, there was little likelihood that plaintiff would be defeated on the issue of liability. See Zarcone v. Perry, 581 F.2d 1039, 1044 (2d Cir. 1978). Indeed, after the first trial, plaintiff was assured of recovery. Once liability is established, even a nominal verdict is sufficient to support an award of attorney's fees. Carey v. Piphus, 435 U.S. 247, 257 n.11, 98 S.Ct. 1042, 1049 n.11, 55 L.Ed.2d 252 (1978); Milwe v. Cavuoto, supra, 653 F.2d at 84. Because neither complexity nor unlikelihood of success warranted a bonus award, the trial court erred in adding $10,000 to the substantial $29,742 lodestar figure. Beazer v. New York City Transit Authority, supra, 558 F.2d at 100-01.
 
 
 12
 Finally, we are concerned about the relationship between the section 1988 award and counsel's contingency fee arrangement with his client. Counsel is entitled by the terms of that contract to 40% of the final recovery. Although the existence of a contingency contract is not sufficient reason to deny an award under section 1988, Buxton v. Patel, 595 F.2d 1182, 1185 n.3 (9th Cir. 1979); Sargeant v. Sharp, 579 F.2d 645, 648 (1st Cir. 1978), the civil rights statutes should not be construed to provide windfall recoveries for successful attorneys. This Court has the power to formulate a fee award designed to avoid such an extreme result. Sargeant v. Sharp, supra, 579 F.2d at 648. See also Model Code of Professional Responsibility, Canon 13 ("a contract for a contingent fee ... should always be subject to the supervision of a court, as to its reasonableness"). Pursuant to this supervisory power, we hold that, to the extent counsel receives payment of the section 1988 statutory award, his claim for services rendered under his contingency fee arrangement with his client shall be deemed paid and satisfied. This result gives full effect to the Congressional desire to promote private enforcement by allowing citizens "the opportunity to recover what it costs them to vindicate these rights in court." S.Rep.No.1011; 94th Cong., 2d Sess. 2, reprinted in 1976 U.S.Code Cong. & Ad.News 5908, 5910.
 
 
 13
 The judgment of the district court is reversed and the case is remanded for a new trial unless within ten days plaintiff agrees to remit all damages in excess of $25,000. If remittitur is made, the award of attorney's fees as modified herein is affirmed. If plaintiff does not agree to a remittitur, the order awarding attorney's fees is reversed and the issue of fees is remanded for further consideration following retrial. No costs of appeal to any of the parties.
 
 
 14
 WATERMAN, Chief Judge, concurring in the result:
 
 
 15
 Although I concur in the result the majority reaches here and although I have no uneasiness about reducing the award for attorneys' fees which my brothers have ordered, I state that I have difficulty in ordering a remittitur upon the compensatory damages award the jury gave the plaintiff in this case. When this action was formerly before us, we remanded it back to the Eastern District of New York, 637 F.2d 863 (2d Cir. 1980) because we felt that a jury should pass upon the value of the alleged injuries. As stated in the majority opinion, the $1.00 verdict a previous jury had awarded shocked us as inadequate. That award has now become $55,000. Defendants appeal to us now because they consider the award this second jury gave to be so excessive as to shock us again. The peculiar history of this case makes it clear that despite the fact that we specifically asked a jury to make an award, we believe that we can satisfactorily take the place of that jury and award whatever we think the jury should have awarded. We do this, of course, on a cold record upon a request that we order a new trial. We were not asked to order a remittitur.
 
 
 16
 I am constrained to concur in the remittitur because the trial judge, who was not asked to order one, said that "(e)ven after the Second Circuit remanded this case for a new trial on the damages portion, this court's recommended settlement figure was less than half of the eventual jury verdict." I am deferring to his knowledge of the case.