Jerome SPANO, Plaintiff,

v.

Police Officer Albert SIMENDINGER, Police Officer John Galvin, et al., Defendants.

No. 81 Civ. 4562 (CBM).

United States District Court, S.D. New York.

June 20, 1985.

Donovan Leisure Newton & Irvine by Maria T. Galeno, Joseph L. Clasen, New York City, for plaintiff.

Frederick A.O. Schwarz, Jr., Corp. Counsel by Christopher R. Gette, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

MOTLEY, Chief Judge.

On December 5, 1984, following a trial before this court, a jury found that unnecessary, unreasonable, and excessive force had been used against plaintiff Jerome Spano at the time of his arrest by defendant Police Officer John Galvin, in violation of 42 U.S.C. section 1983. The jury rendered a verdict for plaintiff in the amount of $2,500. The matter is now before the court on the motion of plaintiff for attorneys' fees of $62,078.21 pursuant to 42 U.S.C. section 1988. For the reasons set forth below, plaintiff's motion is granted.

The prevailing party in a section 1983 action may be awarded, at the court's discretion, "a reasonable attorney's fee as part of the costs." 42 U.S.C. section 1988. The availability of attorneys' fees in such cases is an integral part of Congress's attempt to encourage plaintiffs to enforce the civil rights laws by acting as private Attorneys General. *McCann v. Coughlin,* 698 F.2d 112, 128 (2d Cir.1983).

Plaintiff seeks $62,078.21, of which $50,325.00 is attributed to the time of Maria T. Galeno, plaintiff's lead counsel. An additional $4,980.00 is sought for time spent on the case by Joseph L. Clasen, III. These amounts represent 838.75 and 83 hours, respectively, at a rate of $60 per hour. At the time of trial, both attorneys were associates with the firm of Donovan Leisure Newton & Irvine. Plaintiff also seeks $6,773.21 in disbursements, nearly half of which is attributable to preparing deposition transcripts. In support of the fee application, plaintiff's counsel submitted a detailed affidavit and a day-by-day breakdown of time spent and tasks performed over the two years that counsel worked on the case.

Defendants do not dispute that an award of attorneys' fees is appropriate, but advance three arguments for the reduction of plaintiff's fee request: 1) That since plaintiff prevailed on his claim against only one defendant and dropped related claims prior to trial, he should only recover a partial award, 2) that plaintiff's award should be reduced to reflect the $2,500 damage award, and 3) that plaintiff's counsel devoted excessive time to the case. The court will address these arguments in turn.

■ Although plaintiff recovered against only one defendant, he prevailed on his essential claim: That his civil rights had been violated through the use of excessive force in his arrest. Plaintiff's claims against other defendants and other theories of recovery all arose out of the same common factual core and time spent investigating or preparing one or another aspect of the case cannot neatly be separated from time spent on the winning claim. *See*

*Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983); *McCann,* 698 F.2d at 129–30. Although time was spent investigating a claim of conspiracy and coverup which was dropped prior to trial, this claim also arose out of the same incident and the fruits of such investigation might have been useful in proving the underlying claim. In sum, plaintiff's constitutional rights were violated under the facts which form the basis for all of his claims. This is not a case where plaintiff filed a "kitchen sink" complaint alleging myriad unrelated and unsubstantiated claims. Therefore, that he only prevailed against one defendant or on one theory does not provide a ground for reducing the award.

■ Defendants' second argument also must be rejected. The size of a monetary award need bear no relation to the amount granted in attorneys' fees. In *McCann,* the Second Circuit held that since the purpose of section 1988 is to encourage the vindication of civil rights regardless of the amount of damages, it was not error for the district court to grant substantial attorneys' fees even where only one dollar in nominal damage had been awarded. 698 F.2d at 128–29.

■ In *DiFilippo v. Morizio,* 759 F.2d 231 (2d Cir.1985), the circuit court went further, holding that "a reduction made on the grounds of a low award [is] error unless the size of the award is the result of the quality of the representation." *Id.* at 235. A full award of attorneys' fees should be made so long as "the award is typical of awards in the same type of case." *Id.* at 236. In the case at bar, there is no indication that the award of $2500 for plaintiff's relatively minor injuries was either unusual or the result of counsel's performance. The jury found that plaintiff's rights had been violated through police brutality, but did not find him entitled to extensive compensatory damages. This is precisely the sort of case for which the attorneys' fees provision was intended: One in which important constitutional concerns are implicated but the prospect for

recovery would not encourage private counsel to take the case on a contingency basis.

Finally, defendants argue that the actual hours billed by plaintiff's counsel were excessive. Defendants catalogue numerous examples in plaintiff's well-documented time records of tasks that they argue should have been done in less time. Upon reviewing these records, the court is compelled to disagree. Although the facts in this case and the resulting trial were not especially complex, plaintiff's counsel had to deal with many layers of City and State bureaucracy in order to investigate plaintiff's claim. Various avenues of investigation argued by defendant to be irrelevant to plaintiff's ultimate recovery can only be viewed as such with the benefit of hindsight. Such activities as reviewing civilian complaints and deposing supervising officers were entirely reasonable expenditures of time in light of plaintiff's good faith claims and theories, regardless of what ultimately was pursued or proved at trial.

In addition, even if some small part of plaintiff's documented time was shown to be excessive, the court notes that plaintiff has not sought reimbursement for the time spent on this case by partners, other associates, summer associates, paralegals, and stenographers or for time spent in post-trial matters. Counting this additional time, plaintiff's firm expended approximately $122,083.06 in time and disbursements. Moreover, defendant does not dispute that the $60 hourly fee requested by plaintiff's counsel is modest by the standard of New York private practice and is even below the rate awarded in some cases under section 1988.

■ Defendants note that the Second Circuit has held that when plaintiff fails to recover on many unrelated claims a district court may not use the reduced rate sought by plaintiffs' firm to justify denying a request to reduce the attorneys' fee award. *McCann,* 698 F.2d at 130. Nevertheless, in this case, the court has found that the time spent by counsel all relates to the underlying claim upon which plaintiff prevailed

and the court has examined plaintiff's detailed submissions and found them to be reasonable. Therefore, the court may fairly conclude that plaintiff's drastically reduced request more than compensates for any minor criticisms the court might have of counsel's allocation of time.

Moreover, defendants' opposition to plaintiff's claimed hours reflects a regrettable misapprehension about the importance of civil rights cases. In categorizing this as a "low value case" not warranting "work product ... of an appearance and quality consistent with the firm's normal work on high value matters," Defendants' Memorandum at 11, the Corporation Counsel fails to appreciate that a jury finding of police brutality has significance for more than just the instant plaintiff. The vindication of plaintiff's rights serves as a deterrent to the use of excessive and illegal force by the state's peace-keepers. The value to society of Donovan, Leisure's *pro bono* efforts in this case therefore cannot be measured merely by the size of the damage award or even the extent of plaintiff's physical injuries. In this context, defendants' attempt to characterize this case as one of only "private concern" rings false.

In sum, plaintiff has amply justified his requested award of attorneys' fees and disbursements in the amount of $62,029.71 in addition to his $2,500 in damages. The clerk is directed to enter final judgment in accordance with this opinion.

SO ORDERED.