**John COOL, Plaintiff,**

v.

**POLICE DEPARTMENT OF the CITY OF YONKERS, the City of Yonkers, Anthony Cenelli, Edward R. Carozza, William Drain, William Hayden, Jack Raffa, James Trotta, Lawrence W. Conley, Edward Riley, Thomas Brink, Philip Medwick, and John Does One, Two, and Three, Defendants.**

No. 76 Civ. 1303 (JFK).

United States District Court, S.D. New York.

Sept. 26, 1985.

Paul, Weiss, Rifkind, Wharton & Garrison, by Jill Levi, Steven R. Popofsky, Jay Topkis, New York City, for plaintiff.

Arthur J. Doran, Jr., Corp. Counsel, City of Yonkers, by Edmund G. Fitzgerald, Asst. Corp. Counsel, Yonkers, N.Y., for defendants.

AMENDED OPINION and ORDER

KEENAN, District Judge:

Plaintiff, the prevailing party in a civil rights action brought pursuant to 42 U.S.C. § 1983 ("§ 1983"), moves the Court for an award of attorneys' fees and costs under 42 U.S.C. § 1988 ("§ 1988"). The defendants oppose this motion. For the reasons set forth below, the Court grants plaintiff's motion.

## BACKGROUND

On January 14, 1985, following a trial before this Court, a jury found that plaintiff had established, by a fair preponderance of the evidence, that the defendants, "acting under color of law, [had] deprived him of a right protected by the Constitution thereby causing injury to plaintiff for which the defendants [were] responsible." (Jury Special Interrogatories—Court Exhibit 16). The jury returned a verdict in favor of Cool in the amount of $7,500.00. The issue before the Court is whether Cool's *pro bono* attorneys are entitled to fees and costs pursuant to § 1988.

## DISCUSSION

### A. *Attorneys' Fees*

■ The Court may, in its discretion, award "a reasonable attorney's fee as part of the costs" to the prevailing party in an action to enforce § 1983. 42 U.S.C. § 1988. "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983) (citation omitted). Additionally, § 1988 is designed to encourage litigants to serve as private attorneys general in order to assist in the enforcement of the nation's civil rights laws. *McCann v. Coughlin,* 698 F.2d 112, 128 (2d Cir.1983). Thus, unless such an award would be unjust, a prevailing § 1983 plaintiff should ordinarily recover under § 1988. *Hensley,* 103 S.Ct. at 1937.

■ There can be no doubt that Cool prevailed in his § 1983 action against the City of Yonkers.[1] Therefore, Cool meets the "threshold" requirement to bring a § 1988 action. *Hensley,* 103 S.Ct. at 1939. The Court, however, still must analyze the reasonableness of the fee requested by Cool's attorneys. *Hensley,* 103 S.Ct. at 1939.

Cool's attorneys seek fee remuneration in the amount of $170,816.81, attributable to time spent prosecuting Cool's § 1983 claim by attorneys Jay Topkis, Robert Bartkus[2], Max Friedman[3], Jill Levi, Steven Popofsky, and Eric Freedman of the law firm Paul, Weiss, Rifkind, Wharton & Garrison ("Paul, Weiss"). Nonprofessional staff members of Paul, Weiss also spent time working on the preparation of Cool's § 1983 action.[4] (*See* Affidavit of Jay Topkis; Levi Letter of April 22, 1985).

---

1. Counsel for defendant, City of Yonkers, characterizes Cool's § 1983 action as "a simple assault case." (Fitzgerald Affidavit at ¶ 13). Counsel also suggests that the jury did not believe an assault had been proven, yet proceeded to reach a "compromise verdict" in favor of Cool. (Defendant's Memorandum of Law at 1–2, 10; Fitzgerald Affidavit at ¶ 19, ¶ 20, and ¶ 21). Apparently, the importance of § 1983 in vindicating constitutional rights, as evidenced by the legislative history of § 1983 and the clear weight of judicial authority since the statute's enactment, has been lost on defense counsel. Additionally, it is not the province of defense counsel to second-guess the sincerity of a clear and unequivocal jury verdict. (*See* Court Exhibit 16).

2. Robert Bartkus was an associate with Paul, Weiss, Rifkind, Wharton & Garrison who worked on Cool's case from 1979–1983 before leaving the firm.

3. Max Friedman also was an associate with Paul, Weiss, Rifkind, Wharton & Garrison who worked on Cool's case from 1979–1983 before leaving the firm.

4. The Court acknowledges the comprehensive documentation of hours by Cool's attorneys. According to the standard billing procedure of Paul, Weiss, Rifkind, Wharton & Garrison, counsel document time worth a total of $278,-037.40. Nonetheless, counsel reduced the fee request to $170,816.81. (*See* Topkis Affidavit, ¶ 31 to ¶ 37; Popofsky Letter of April 1, 1985; Levi Letter of April 22, 1985.). Counsel properly does not seek remuneration for duplicative efforts by professional or non-professional staff members or for an unsuccessful attempt to prevail on a statute of limitations issue.

Paul, Weiss did not request a specific dollar amount but rather, after setting forth its standard billing rate and describing the basis upon which it had calculated hours expended on this matter, "respectfully requested[ed] that the Court award what it deem[ed] an appropriate sum in compensation." The Court notes that the amount awarded Cool's attorneys is in no way intended to reflect on the capabilities of counsel. The young counsel performed well and in the best tradition of the bar.

In examining the reasonableness of Cool's fee request[5], the Court necessarily must examine the results obtained on Cool's behalf, because "where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley,* 103 S.Ct. at 1940. Having presided over the trial, the Court recognizes that Cool's attorneys, although unable to recover the full $250,000 in damages sought for Cool, worked diligently on Cool's behalf and achieved a result which vindicated Cool's constitutional rights, defendant's representations notwithstanding.[6] (*See* Defendant's Memorandum of Law at 1–2, 10; Fitzgerald Affidavit at ¶ 3, ¶ 9, ¶ 13, ¶ 16, ¶ 19, ¶ 20).

The Court notes, at the outset, that Cool does not seek a "bonus" payment for his attorneys. In fact, the hours logged by his attorneys, on Cool's behalf, were reduced.[7] Nonetheless, the Court is mindful that "the civil rights statutes should not be construed to provide windfall recoveries for successful attorneys." *Wheatley v. Ford,* 679 F.2d 1037, 1041 (2d Cir.1982). Indeed, the Court must view an award "with an 'eye to moderation' so as to avoid even the appearance of windfall fees." *Wheatley,* 679 F.2d at 1040, *citing Beazer v. New York City Transit Authority,* 558 F.2d 97, 101 (2d Cir.1977), *rev'd on other grounds,* 440 U.S. 568, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979).

The Court has carefully reviewed Cool's application for attorneys' fees. Given the discretionary nature of a § 1988 fee award and the fact "there is no precise rule or formula for making" a fee determination, *Hensley,* 103 S.Ct. at 1941, the Court finds $50,000.00 to be reasonable remuneration for services rendered by Paul, Weiss on Cool's behalf, despite the fact that Cool recovered only $7,500.00 in damages. *See Spano v. Simendinger,* 613 F.Supp. 124 (S.D.N.Y.1985) (Motley, C.J.).

## B. *Costs and Other Expenses*

In addition to seeking remuneration for his attorneys' time, Cool seeks reimbursement in the amount of $23,446.04 for disbursements expended in the litigation of his § 1983 action, pursuant to § 1988. The defendants' response to Cool's cost reimbursement request is that the request "is totally out of line in this type of case." (Fitzgerald Affidavit at ¶ 17).

Courts have sanctioned the reimbursement of costs properly expended in the litigation of civil rights claims pursuant to § 1988. *See Palmigiano v. Garrahy,* 707 F.2d 636 (1st Cir.1983) (per curiam); *Ramos v. Lamm,* 713 F.2d 546 (10th Cir.1983); *Dowdell v. Apopka,* 698 F.2d 1181 (11th Cir.1983). In awarding such cost reimbursement, courts have held that the costs should not be part of the routine office overhead normally absorbed by the attorney. *Ramos v. Lamm,* 713 F.2d at 559. *Dowdell v. Apopka,* 698 F.2d at 1192.

Cool's attorneys document $23,446.04 in expenses attributed to litigating Cool's § 1983 claim. The Court's responsibility is to discern which of these expenses were clearly supportable. *See Vulcan Society of Westchester County, Inc. v. Fire Department of the City of White Plains,* 533 F.Supp. 1054, 1067 (S.D.N.Y.1982) (Sofaer, J.). One of Cool's attorneys, a partner at Paul, Weiss, has stated that the disbursements for which reimbursement is requested are billed separately and not included in the overhead of Paul, Weiss. (Topkis Affidavit at ¶ 41).

■ Having carefully reviewed Cool's request for cost reimbursement, and given the Court's discretion in approving fee and cost requests, the Court finds that $14,-458.45 in disbursements were necessary and reasonable in litigating Cool's claim.

---

5. The Court, in rendering this opinion, does not consider defendants' makeweight claims of a purported inability to pay an award of attorneys' fees or costs. (*See* Defendant's Memorandum of Law at 8–10).

6. Considering the facts of and relative stature of the parties involved in this case, Cool's claim was not "a very simple case." (*See* Defendant's Memorandum of Law at 10).

7. *See supra,* note 4.

The specific disbursement allowances are as follows:

| DISBURSEMENT CATEGORY | AMOUNT REQUESTED | AMOUNT ALLOWED |
|---|---|---|
| a) Court Reporters | $2,403.40 | $ 137.05 |
| b) Word Processing | $4,557.05 | $ 4,557.05 |
| c) Para OT & OT Meals | $ 250.43 | $ 62.61 |
| d) OT & OT Meals | $2,078.17 | $ 519.54 |
| e) Legal Meals | $1,931.31 | $ 482.83 |
| f) Local Transport. | $3,343.88 | $ 835.97 |
| g) Plane, RR, Auto | $ 535.48 | $ 535.48 |
| h) Other L. Dis. Trav. | $ 281.66 | $ 281.66 |
| i) Tel., Tolls, Telg. | $ 166.64 | $ 166.64 |
| j) Postage | $ 76.51 | $ 76.51 |
| k) Internal Reprod. | $1,574.03 | $ 1,180.50 |
| l) Messenger Trips | $1,719.35 | $ 1,719.35 |
| m) Ct., Other Lit. Fees | $ 553.00 | $ 553.00 |
| n) Outside Reprod. | $ 25.92 | $ 19.44 [8] |
| o) Prof. Services | $1,403.25 | $ 1,403.25 |
| p) Dupl.—Infortext | $ 479.63 | $ 359.70 |
| q) Miscellaneous | $ 72.49 | $ 72.49 |
| r) Lib. Computer Res. | $1,981.84 | $ 1,486.38 |
| s) Lexis | $ 12.00 | $ 9.00 |
| TOTAL ALLOWED: | | $14,458.45 |

## CONCLUSION

For the foregoing reasons, the Court approves Cool's request for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Accordingly, the Court awards Cool's attorneys $50,000.00 in attorneys' fees and $14,458.45 in costs.

SO ORDERED.

---

**8.** The Court reduced the reimbursement request for "Outside Reprod." by $11.43 in order to balance the disbursement entries with the total request for the period ending October 31, 1979.

(*See* Topkis Affidavit, Exhibit C). This was done at the suggestion of one of Cool's attorneys, Steven Popofsky.