**TIME WARNER CABLE–ROCHESTER, a Division of the Time Warner Entertainment–Advance/Newhouse Partnership, Plaintiff,**

v.

**CITY OF ROCHESTER,
et al., Defendants.**

No. 03–CV–6257L.

United States District Court,
W.D. New York.

Nov. 3, 2004.

Allan J. Arffa, Hakeem S. Jeffries, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Henk Brands, Paul, Weiss, Rifkind, Wharton & Garrison, Washington, DC, Paul J. Yesawich, III, Gregory J. McDonald, Harris Beach LLP, Pittsford, NY, for Plaintiff.

John M. Campolieto, City of Rochester Law Department, Rochester, NY, for Defendants.

*DECISION AND ORDER*

LARIMER, District Judge.

This action was commenced by plaintiff Time–Warner Cable Rochester ("Time–

Warner"), against the City of Rochester and the suburban towns of Gates, Perinton, Greece, and Brighton. Time–Warner, a cable television service provider, alleged that defendants had been attempting to collect fees under certain franchise agreements between Time–Warner and defendants, in excess of the maximum permitted under § 622(b) of the Communications Act ("the Act"), 47 U.S.C. § 542(b). Time–Warner asserted claims under both the Act and 42 U.S.C. § 1983, claiming state interference with federally protected rights.

On October 10, 2003, the Court issued a Decision and Order (familiarity with which is assumed) denying defendants' motion to dismiss the complaint. In so doing, I found that § 542(b) gives rise to a federal right that is enforceable under § 1983, and that Time–Warner had stated a facially valid claim under § 1983.

On December 22, 2003, in open court, I granted Time–Warner's motion for summary judgment, and enjoined defendants from collecting fees for anything other than cable services and from taking any measures to collect fees pursuant to the franchise agreements.

Time–Warner now moves for an award of attorney's fees pursuant to 42 U.S.C. § 1988, which provides that in a § 1983 action, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Defendant City of Rochester ("the City") opposes Time–Warner's motion.

In addition, the City has moved pursuant to Fed.R.Civ.P. 60 for "relief" from the Court's order granting Time–Warner's motion for summary judgment, and asks that "plaintiff's cause of action for a 42 U.S.C. § 1983 claim ... be lifted ...." Campolieto Aff. (Docket # 29) ¶ 33. For the reasons that follow, both motions are denied.

## DISCUSSION

### I. Time–Warner's Motion for Attorney's Fees

■ The City contends that attorney's fee awards are not available in actions brought to enforce rights under the Act. In response, Time–Warner notes that the cases cited by the City in support of that proposition held that a particular provision of the Telecommunications Act of 1996 ("TCA"), § 332(c)(7)(B) (which deals with municipalities' powers to regulate the erection of cell-phone towers) is not enforceable by means of a § 1983 suit. The courts in those cases concluded that § 332(c)(7)(B) contains an enforcement scheme so comprehensive that it implicitly forecloses a § 1983 action. *See, e.g., Nextel Partners Inc. v. Kingston Twp.*, 286 F.3d 687, 694–95 (3d Cir.2002); *National Telecomm. Advisors, Inc. v. City of Chicopee*, 16 F.Supp.2d 117, 121–22 (D.Mass. 1998).[1] In contrast, I have already held in this action that the Act does *not* provide a comprehensive enforcement scheme with respect to alleged violations of § 542(b). *See* Decision and Order, October 10, 2003, at 15–18.

---

**1.** Other courts have reached a differing conclusion. *See, e.g., Abrams v. City of Rancho Palos Verdes*, 354 F.3d 1094, 1095 (9th Cir.) ("Section 1983 remedies are available because the TCA does not contain a comprehensive remedial scheme"), *cert. granted,* —— U.S. ——, 125 S.Ct. 26, —— L.Ed.2d —— (Sept. 28, 2004); *AT&T Wireless PCS, Inc. v. City of Atlanta*, 210 F.3d 1322, 1330 (11th Cir.), *vacated on other grounds*, 220 F.3d 594 (11th Cir.2000); *Nextel Partners, Inc. v. Town of Amherst, N.Y.*, 251 F.Supp.2d 1187, 1199 (W.D.N.Y.2003) (stating that "[n]umerous ... courts within the Second Circuit" have found that a plaintiff has a remedy under § 1983 for violations of the TCA).

In a case not cited by either party, however, *PrimeCo Personal Communications, Limited Partnership v. City of Mequon*, 352 F.3d 1147 (7th Cir.2003), the Court of Appeals for the Seventh Circuit held that "section 1983 *remedies* are not available in a suit to enforce rights granted by the Telecommunications Act," even where a plaintiff has properly, and successfully, brought a claim pursuant to § 1983 to enforce its rights under the TCA. The plaintiff in *PrimeCo*, a wireless telephone service provider, brought suit against a city under both § 1983 and the TCA, challenging the city's denial of a permit to construct an antenna. The district court granted summary judgment for the plaintiff, but denied its request for attorney's fees.

On appeal, the Seventh Circuit affirmed. Writing for the court, Circuit Judge Posner stated, "We can assume that the various requirements for a section 1983 case have been satisfied ...." *Id.* at 1152. Nonetheless, he concluded that attorney's fees should not be awarded. Judge Posner reasoned that

> [s]ection 1988 codifies the Civil Rights Attorney's Fees Awards Act of 1976, enacted in recognition that civil rights suits normally pit individuals, often socially marginal, unpopular, and impecunious, against well-funded public officers in cases whose social and political significance may dwarf the monetary stakes, which may be meager. These circumstances argue for awarding attorneys' fees in such cases, especially to prevailing plaintiffs, and that tilt has been ratified in the judicial interpretation of section 1983. The Telecommunications Act, in contrast to the federal civil rights statutes, creates rights in telecommunications enterprises, which are usually substantial corporations, such as Verizon. They have the wherewithal to finance their own litigation without the

boost given by fee-shifting statutes, and it would make no sense to carve an exception for cases in which they find themselves opposed not by other large corporations but by small towns, such as Mequon, population 21,000, with a planning commission some of whose members double as aldermen.

*Id.*

Judge Posner acknowledged that, in his view, the TCA does not contain a comprehensive scheme of enforcement, stating that

> the Telecommunications Act is silent on remedies beyond merely conferring a right to sue to enforce the Act. However, such a conferral is presumed to entitle a successful plaintiff to the usual remedies, which include damages as well as injunctive relief. Aided by the presumption, the enforcement scheme of the Telecommunications Act is complete (an entitlement to attorneys' fees not being a usual remedy under American law), and therefore general remedial statutes, such as 42 U.S.C. § 1983, which drags section 1988 in its wake, should not be fastened, barnacle-like, by judicial *Diktat*, to this new federal statute that creates rights overlapped by the existing remedial statutes.

*Id.* at 1152–53.

■ I agree with Judge Posner's reasoning, and apply it here as well. Section 1983 may provide a cable company with a cause of action to enforce its rights under the Act, but that does not automatically mean that all § 1983 remedies-attorney's fees in particular-are available in such an action. As the court observed in *PrimeCo*, it is not reasonable to assume that "any time Congress creates a right that is enforceable against state or local officials or agencies, section 1983, and its companion, section 1988, come in the door and the

American rule [that parties to a lawsuit generally pay their own attorney's fees, regardless of who prevails in the lawsuit] goes out the window." *Id.* at 1152. There is no evidence that Congress intended to make attorney's fee awards available in an action under the Communications Act, nor would such awards help implement the Act or further its purposes.

■ Such an award would also not advance Congress's purpose in enacting § 1988, which was to ensure "effective access to the judicial process" for persons with civil rights grievances. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (quoting H.R.Rep. No. 94–1558, p. 1 (1976)). Specifically, § 1988 is designed to remove any financial disincentives that might prevent individuals with meritorious civil-rights claims from seeking legal redress. *See Trimper v. City of Norfolk*, 58 F.3d 68, 73 (4th Cir.), *cert. denied*, 516 U.S. 997, 116 S.Ct. 535, 133 L.Ed.2d 440 (1995); *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir.1986).

I am not suggesting that Time–Warner should not be awarded fees simply because it is financially able to pay its own legal bills. *See Milwe v. Cavuoto*, 653 F.2d 80, 83 (2d Cir.1981) ("That plaintiff was fortunate enough to be financially able to retain private counsel is irrelevant" to the award of attorney's fees). Rather, I base my decision on the nature of Time–Warner's claim and of the right that it sought to vindicate in this action. This was not a "civil rights" case in the usual sense of that term. Instead, this was a dispute over franchise fees governed by the Communications Act. Since the Act itself lacks a comprehensive enforcement scheme, § 1983 provided a vehicle for Time–Warner to enforce its rights under the Act, but I see no basis to conclude that Congress envisioned a successful plaintiff in a case like this one recovering attorney's fees as well.[2]

## II. The City's Rule 60 Motion

The City has filed a cross-motion pursuant to Rule 60 seeking relief from this Court's order granting summary judgment in favor of Time–Warner, although it is not entirely clear what the basis for the motion is, or what sort of relief the City seeks. What is clear is that the motion must be denied.

Rule 60(b) provides a number of grounds upon which a "court may relieve a party or a party's legal representative from a final judgment, order, or proceeding ...," such as "mistake, inadvertence, surprise, ... excusable neglect[, or] newly discovered evidence ...."[3] Here, the City states that it is seeking "relief because pursuant to the Court's Order the City and the other named defendants have ceased any attempts to collect the franchise fees which the plaintiff had paid in the past ...." Campolieto Aff. ¶ 19. That does not appear to fall within any of the categories

---

**2.** Time–Warner points out that in *Town of Amherst*, Judge Siragusa of this district awarded fees under § 1988 to a wireless communication company which had successfully challenged a town's denial of the plaintiff's request to add cellular telephone antennae to an existing tower. It appears, however, that the defendants in that case only opposed the plaintiff's substantive claim on the merits, and did not separately address the fee request. *See* 251 F.Supp.2d at 1200 ("Given defendants' disregard of the TCA and New York State law, and the lack of opposition in defendants' papers, the Court, exercising its discretion, will order a reasonable attorney's fee").

**3.** Rule 60(a) provides that a court may correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission ...," but there appears to be no assertion or reason to believe that this section applies here.

enumerated in the rule. In addition, it is nonsensical. The City is essentially asking for "relief" from my prior Order on the ground that the City has been complying with the Order. If the City intends to continue complying with that Order, then it is in no way prejudiced by the Order remaining in effect.

At any rate, it seems that City's motion is, at bottom, an attempt to defeat Time–Warner's motion for attorney's fees by having the Court amend its prior Order to hold that Time–Warner did *not* state a valid § 1983 claim. *See* City's Memorandum of Law (Docket # 31) at 8 (asking the Court to grant "relief from the specific part of the decision and order which allowed for Section 1983 damages and a resulting attorney fee application ...."). My denial of Time–Warner's motion for attorney's fees effectively renders the City's cross-motion moot.

### CONCLUSION

Plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 1988 (Docket # 27) is denied.

Defendant City of Rochester's motion for relief pursuant to Rule 60 of the Federal Rules of Civil Procedure (Docket # 29) is denied.

IT IS SO ORDERED.